Craig S. Ganz (217254)
ganzc@ballardspahr.com
Mitchell L. Turbenson
(admitted *pro hac vice*)
turbensonm@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone:   424.204.4400
Facsimile:    424.204.4350
*Attorneys for Plaintiffs*

Dawn B. Eyerly (185074)
Dawn.eyerly@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone   310.255.6100
Facsimile:   310.255.6200
*Attorney for Defendants*

[Additional Counsel Listed on Signature Page]

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORE SPE LA FITNESS 2013-7, LLC and STORE MASTER FUNDING V, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>FITNESS INTERNATIONAL, LLC and FITNESS & SPORTS CLUBS, LLC,<br><br>Defendants. | NO.  8:20-CV-00953-JVS (ADS)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**JOINT STIPULATION (LR 37-2) REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO FIRST SETS OF DISCOVERY REQUESTS**<br><br>Date:              December 9, 2020<br>Time:             10:00 A.M.<br>Courtroom:      6B<br>Discovery Cut-Off Date:  July 5, 2021<br><br>Pretrial Conference Date: November 15, 2021<br><br>Jury Trial: November 30, 2021 |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# **TABLE OF CONTENTS**

**Page**

INTRODUCTORY STATEMENTS ................................................................1

I.    Plaintiffs' Introductory Statement ......................................................1

II.   Defendants' Introductory Statement ...................................................4

PRE-FILING CONFERENCE PURSUANT TO LOCAL RULE 37-1 ...................6

ISSUES IN DISPUTE ................................................................................7

I.    Fitness International's Responses to Plaintiffs' Interrogatories ...................7

      A.    Interrogatory to Fitness International No. 1 .........................................7

            1.    ROG No. 1: .........................................................................7
            2.    Fitness International's Amended Response to ROG
                  No. 1: ................................................................................7
            3.    Plaintiffs' Position ...............................................................9
            4.    Defendants' Position ...........................................................10

      B.    Interrogatory to Fitness International No. 2 .......................................14

            1.    ROG No. 2: .......................................................................14
            2.    Fitness International's Amended Response to ROG
                  No. 2: ..............................................................................14
            3.    Plaintiffs' Position .............................................................16
            4.    Defendants' Position ...........................................................17

      C.    Interrogatory to Fitness International No. 3 .......................................17

            1.    ROG No. 3: .......................................................................17
            2.    Fitness International's Amended Response to ROG
                  No. 3: ..............................................................................17
            3.    Plaintiffs' Position .............................................................19
            4.    Defendants' Position ...........................................................20

      D.    Interrogatory to Fitness International No. 4 .......................................20

            1.    ROG No. 4: .......................................................................20
            2.    Fitness International's Amended Response to ROG
                  No. 4: ..............................................................................20
            3.    Plaintiffs' Position .............................................................22
            4.    Defendants' Position ...........................................................23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

E.    Interrogatory to Fitness International No. 5.......................................23

      1.    ROG No. 5:...................................................................23
      2.    Fitness International's Amended Response to ROG No. 5:...........................................................................23
      3.    Plaintiffs' Position ...................................................25
      4.    Defendants' Position................................................26

F.    Interrogatory to Fitness International No. 9.......................................26

      1.    ROG No. 9:...................................................................26
      2.    Fitness International's Amended Response to ROG No. 9:...........................................................................27
      3.    Plaintiffs' Position ...................................................27
      4.    Defendants' Position................................................28

II.    Fitness & Sports Clubs' Responses to Plaintiffs' Interrogatories.................30

A.    Interrogatory to Fitness & Sports Clubs No. 1 ................................30

      1.    ROG No. 1:...................................................................30
      2.    Fitness & Sports Clubs' Amended Response to ROG No. 1:...........................................................................30
      3.    Plaintiffs' Position ...................................................32
      4.    Defendants' Position................................................33

B.    Interrogatory to Fitness & Sports Clubs No. 2 ................................35

      1.    ROG No. 2:...................................................................35
      2.    Fitness & Sports Clubs' Amended Response to ROG No. 2:...........................................................................35
      3.    Plaintiffs' Position ...................................................37
      4.    Defendants' Position................................................37

C.    Interrogatory to Fitness & Sports Clubs No. 3 ................................38

      1.    ROG No. 3:...................................................................38
      2.    Fitness & Sports Clubs' Amended Response to ROG No. 3:...........................................................................38
      3.    Plaintiffs' Position ...................................................40
      4.    Defendants' Position................................................40

D.    Interrogatory to Fitness & Sports Clubs No. 4 ................................41

      1.    ROG No. 4:...................................................................41
      2.    Fitness & Sports Clubs' Amended Response to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

ROG No. 4: ........................................................41

3.   Plaintiffs' Position ..........................................43

4.   Defendants' Position ........................................44

E.   Interrogatory to Fitness & Sports Clubs No. 5 ...............44

1.   ROG No. 5: ........................................................44

2.   Fitness & Sports Clubs' Amended Response to ROG No. 5: ........................................................44

3.   Plaintiffs' Position ..........................................46

4.   Defendants' Position ........................................46

F.   Interrogatory to Fitness & Sports Clubs No. 6 ...............47

1.   ROG No. 6: ........................................................47

2.   Fitness & Sports Clubs' Amended Response to ROG No. 6: ........................................................47

3.   Plaintiffs' Position ..........................................47

4.   Defendants' Position ........................................48

III.   Fitness International's Responses to Plaintiffs' Requests for Production ..........................................................48

A.   Request for Production to Fitness International No. 8 ........48

1.   RFP No. 8: ........................................................48

2.   Fitness International's Amended Response to RFP No. 8: ........................................................48

3.   Plaintiffs' Position ..........................................50

4.   Defendants' Position ........................................51

B.   Request for Production to Fitness International No. 9 ........52

1.   RFP No. 9: ........................................................52

2.   Fitness International's Amended Response to RFP No. 9: ........................................................53

3.   Plaintiffs' Position ..........................................54

4.   Defendants' Position ........................................55

C.   Request for Production to Fitness International No. 10 ......56

1.   RFP No. 10: ........................................................56

2.   Fitness International's Amended Response to RFP No. 10: ........................................................56

3.   Plaintiffs' Position ..........................................58

4.   Defendants' Position ........................................59

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

D.      Request for Production to Fitness International No. 11 .....................59

        1.      RFP No. 11: ....................................................................59
        2.      Fitness International's Amended Response to RFP
                No. 11: ............................................................................59
        3.      Plaintiffs' Position ........................................................61
        4.      Defendants' Position.......................................................62

E.      Request for Production to Fitness International No. 12 ...................63

        1.      RFP No. 12: ....................................................................63
        2.      Fitness International's Amended Response to RFP
                No. 12: ............................................................................63
        3.      Plaintiffs' Position ........................................................65
        4.      Defendants' Position.......................................................65

F.      Request for Production to Fitness International No. 13 ...................66

        1.      RFP No. 13: ....................................................................66
        2.      Fitness International's Amended Response to RFP
                No. 13: ............................................................................66
        3.      Plaintiffs' Position ........................................................68
        4.      Defendants' Position.......................................................69

G.      Request for Production to Fitness International No. 14 ...................70

        1.      RFP No. 14: ....................................................................70
        2.      Fitness International's Amended Response to RFP
                No. 14: ............................................................................70
        3.      Plaintiffs' Position ........................................................70
        4.      Defendants' Position.......................................................71

H.      Request for Production to Fitness International No. 15 ...................72

        1.      RFP No. 15: ....................................................................72
        2.      Fitness International's Amended Response to RFP
                No. 15: ............................................................................72
        3.      Plaintiffs' Position ........................................................73
        4.      Defendants' Position.......................................................73

I.      Request for Production to Fitness International No. 16 ...................74

        1.      RFP No. 16: ....................................................................74
        2.      Fitness International's Amended Response to RFP
                No. 16: ............................................................................74
        3.      Plaintiffs' Position ........................................................76

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

4.    Defendants' Position...................................................76

J.    Request for Production to Fitness International No. 17 ...................77

      1.    RFP No. 17: ...................................................77
      2.    Fitness International's Amended Response to RFP
            No. 17: ........................................................77
      3.    Plaintiffs' Position .........................................79
      4.    Defendants' Position ........................................80

K.    Request for Production to Fitness International No. 18 ...................80

      1.    RFP No. 18: ...................................................80
      2.    Fitness International's Amended Response to RFP
            No. 18: ........................................................80
      3.    Plaintiffs' Position ........................................82
      4.    Defendants' Position ........................................83

L.    Request for Production to Fitness International No. 19 ...................83

      1.    RFP No. 19: ...................................................83
      2.    Fitness International's Amended Response to RFP
            No. 19: ........................................................84
      3.    Plaintiffs' Position ........................................85
      4.    Defendants' Position ........................................86

M.    Request for Production to Fitness International No. 20 ...................87

      1.    RFP No. 20: ...................................................87
      2.    Fitness International's Amended Response to RFP
            No. 20: ........................................................87
      3.    Plaintiffs' Position ........................................89
      4.    Defendants' Position ........................................90

N.    Request for Production to Fitness International No. 21 ...................90

      1.    RFP No. 21: ...................................................90
      2.    Fitness International's Amended Response to RFP
            No. 21: ........................................................90
      3.    Plaintiffs' Position ........................................92

IV.    Fitness & Sports Clubs' Responses to Plaintiffs' Requests for
       Production.........................................................94

A.    Request for Production to Fitness & Sports Clubs No. 7 ...................94

      1.    RFP No. 7: ...................................................94

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

2. Fitness & Sports Clubs' Amended Response to RFP No. 7: ................................................................94

3. Plaintiffs' Position ................................................................96

4. Defendants' Position ................................................................96

B. Request for Production to Fitness & Sports Clubs No. 8 ................98

1. RFP No. 8: ................................................................98

2. Fitness & Sports Clubs' Amended Response to RFP No. 8: ................................................................98

3. Plaintiffs' Position ................................................................100

4. Defendants' Position ................................................................101

C. Request for Production to Fitness & Sports Clubs No. 9 ................102

1. RFP No. 9: ................................................................102

2. Fitness & Sports Clubs' Amended Response to RFP No. 9: ................................................................102

3. Plaintiffs' Position ................................................................103

4. Defendants' Position ................................................................104

D. Request for Production to Fitness & Sports Clubs No. 10 ................105

1. RFP No. 10: ................................................................105

2. Fitness & Sports Clubs' Amended Response to RFP No. 10: ................................................................105

3. Plaintiffs' Position ................................................................107

4. Defendants' Position ................................................................108

E. Request for Production to Fitness & Sports Clubs No. 11 ................108

1. RFP No. 11: ................................................................108

2. Fitness & Sports Clubs' Amended Response to RFP No. 11: ................................................................109

3. Plaintiffs' Position ................................................................110

4. Defendants' Position ................................................................111

F. Request for Production to Fitness & Sports Clubs No. 12 ................112

1. RFP No. 12: ................................................................112

2. Fitness & Sports Clubs' Amended Response to RFP No. 12: ................................................................112

3. Plaintiffs' Position ................................................................114

4. Defendants' Position ................................................................114

TABLE OF CONTENTS

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

G.    Request for Production to Fitness & Sports Clubs No. 13 ............115

1.    RFP No. 13: .......................................................................115
2.    Fitness & Sports Clubs' Amended Response to
      RFP No. 13: .......................................................................115
3.    Plaintiffs' Position ..........................................................116
4.    Defendants' Position.........................................................117

H.    Request for Production to Fitness & Sports Clubs No. 14 ............118

1.    RFP No. 15: .......................................................................118
2.    Fitness & Sports Clubs' Amended Response to
      RFP No. 14: .......................................................................118
3.    Plaintiffs' Position ..........................................................118
4.    Defendants' Position.........................................................119

I.    Request for Production to Fitness & Sports Clubs No. 15 ............120

1.    RFP No. 15: .......................................................................120
2.    Fitness & Sports Clubs' Amended Response to
      RFP No. 15: .......................................................................120
3.    Plaintiffs' Position ..........................................................122

J.    Request for Production to Fitness & Sports Clubs No. 16 ............123

1.    RFP No. 16: .......................................................................123
2.    Fitness & Sports Clubs' Amended Response to
      RFP No. 16: .......................................................................123
3.    Plaintiffs' Position ..........................................................125
4.    Defendants' Position.........................................................126

K.    Request for Production to Fitness & Sports Clubs No. 19 ............126

1.    RFP No. 19: .......................................................................126
2.    Fitness & Sports Clubs' Amended Response to
      RFP No. 19: .......................................................................126
3.    Plaintiffs' Position ..........................................................128
4.    Defendants' Position.........................................................129

L.    Request for Production to Fitness & Sports Clubs No. 18 ............129

1.    RFP No. 18: .......................................................................129
2.    Fitness & Sports Clubs' Amended Response to
      RFP No. 18: .......................................................................129
3.    Plaintiffs' Position ..........................................................131
4.    Defendants' Position.........................................................132

M.   Request for Production to Fitness & Sports Clubs No. 19 ...............133

     1.   RFP No. 19: .................................................................................133
     2.   Fitness & Sports Clubs' Amended Response to
          RFP No. 19: .................................................................................133
     3.   Plaintiffs' Position ......................................................................135
     4.   Defendants' Position....................................................................136

N.   Request for Production to Fitness & Sports Clubs No. 20 ..............136

     1.   RFP No. 20: .................................................................................136
     2.   Fitness & Sports Clubs' Amended Response to
          RFP No. 20: .................................................................................136
     3.   Plaintiffs' Position ......................................................................138
     4.   Defendants' Position....................................................................139

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Plaintiffs STORE SPE LA FITNESS 2013-7, LLC and STORE MASTER FUNDING V, LLC ("Plaintiffs") and Defendants FITNESS INTERNATIONAL, LLC and FITNESS AND SPORTS CLUBS, LLC ("Defendants") submit the following Joint Stipulation subsequent to a L.R. 37-1 meeting regarding Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' First Set of Discovery Requests (the "Requests"). Included in this Joint Stipulation are facts and authorities of each party for each issue in dispute.

<strong>INTRODUCTORY STATEMENTS</strong>

## I.    PLAINTIFFS' INTRODUCTORY STATEMENT

This case involves Defendants' decision to stop paying rent for three commercial properties (referred to as Blake James, Edge O Lake, and Wellington) as tenant and guarantor. On March 17, 2020, Defendants' Chief Real Estate Officer informed Plaintiffs that closing the operations of its gyms constitutes "a force majeure event that has made performance under the Lease both ***impossible*** and impracticable (including, if applicable in the Lease, our obligation to continuously operate our business), ***allowing us to fully abate rent for the remainder of our closure*** and to be otherwise excused from the performance of our other obligations of the Lease." (**Exhibit 1** ("Horner March 17, 2020 E-mail") (emphasis added)). Plaintiffs thereafter brought this lawsuit seeking rent payments.

While this Joint Stipulation is lengthy, it can be distilled into two disputes:

(1) Is Defendants' financial information relevant to the claims and defenses involved in this action given Defendants have claimed performance under the Lease (*i.e.*, payment of rent) is "impossible," Defendants assert an impossibility defense to the claims for unpaid rent, and Defendants claim the leases' force majeure clauses apply?; and

(2) Are Defendants required to respond to an interrogatory seeking search parameters used for requests for production?

Defendants object to the contested Requests on one of these grounds and otherwise assert boilerplate objections (such as claiming undue burden without elaboration).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

As to the first issue, Defendants' financial information is clearly relevant to Defendants' assertion that payment of rent is impossible. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009).

Here, Defendants claimed as *one of its bases for withholding rent* that "performance under the Lease [is] impossible." (**Exhibit 1**). Courts have recognized a defendant's financial information is relevant where the defendant claims payment of rent is "impossible." *See, e.g.*, *Bayou Place Ltd. P'ship v. Alleppo's Grill, Inc.*, No. RDB-18-2855, 2020 U.S. Dist. LEXIS 43960 (D. Md. Mar. 13, 2020). The court in *Alleppo's* dealt with an analogous situation where the tenant stopped payment of rent and claimed the "deterioration" of the Theater District in which the tenant's restaurant was located "rendered performance impossible." *Id.* at *21. The court observed that this claim was unsubstantiated because the tenant offered "no evidence suggesting it lacked the funds to make payments on time" and otherwise provided "no evidence as to [t]enant's finances." *Id.* at *22. Thus, where a tenant claims performance (in the form of payment of rent) is impossible, that claims renders tenant's financials relevant. *See also, e.g.*, *Crowder v. Rearden*, 296 S.W.3d 445, 450–51 (Ky. Ct. App. 2009) (finding party's claim of impossibility to pay her mortgage "unconvincing" based on "a review of her finances," including her payment history and income).[1]

---

[1] Kentucky and Tennessee law substantively apply to the leases in this case.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Similarly, Defendants will assert an impossibility affirmative defense. (**Exhibit 2** ("Joint Report") at 7:20–23). "[T]he doctrine of impossibility of performance is not applicable where performance becomes impossible due to factors which should have been foreseen and provided against." *Silsbe v. Houston Levee Indus. Park, Inc.*, 165 S.W.3d 260, 265 (Tn. Ct. App. 2004). Thus, discovery into the underlying factors causing performance to be impossible are relevant. For example, in *Bayader Fooder Trading, LLC v. Wright*, the defendant failed to provide $435,000 in hay to the plaintiff. No. 13-2856, 2014 U.S. Dist. LEXIS 149191, at *3 (W.D. Tenn. Oct. 21, 2014). The court noted that under the relevant force majeure clause, "performance must have been impossible" and analyzed various extra-contractual factors that could have made the farming of hay impossible, including USDA data on hay yields, whether other farmers in the area successfully grew hay, and weather patterns. *Id.* at *9–10. Here, similar to *Bayader Fooder*, extra-contractual factors such as Defendants' financial information are relevant to Defendants' claim that payment of rent was impossible.

Third, Defendants have cited the leases' force majeure clauses as a basis to withhold rent payments. (**Exhibit 1**). The relevant force majeure clause states "Neither Landlord nor Tenant shall be liable to the other for any breach or violation of this Lease *resulting* from any occurrence or event, . . . beyond the reasonable control of any party hereto." (**Exhibit 3** ("Wellington Property Lease") at 9 § 20.5 (emphasis added)); *see, e.g.*, *Emerald Int'l Corp. v. WWMV. LLC*, No. 15-179-WOB-JGW, 2016 U.S. Dist. LEXIS 107340, at *7 (E.D. Ky. Aug. 15, 2016) (holding force majeure provision "was not triggered because WWMB's proffered events did not *cause* its nonperformance"). Plaintiffs cannot determine whether nonpayment of rent *results* from an event beyond Defendants' control (or if Defendants had the ability to pay rent regardless of the event) unless Plaintiffs review Defendants' financial information. While Defendants state they have not claimed financial inability to pay rent, they claim impossibility to perform under the

lease and the *only performance relevant to Plaintiffs' claims is payment of rent*.

Finally, as to Defendants' refusal to respond to interrogatories requesting search parameters used to respond to the requests for production, courts routinely compel disclosure of such information. *McNearney v. Wash. Dep't of Corr.*, No. C11-5930 RBL/KLS, 2012 U.S. Dist. LEXIS 108386, at *17 (W.D. Wash. Aug. 2, 2012) (holding similar interrogatory "is calculated to lead to the discovery of admissible evidence as it seeks to discover whether Defendant has made a reasonable and thorough search for responsive electronic records that may yield admissible evidence").

## II.    <u>DEFENDANTS' INTRODUCTORY STATEMENT</u>

Plaintiffs concoct a defense that was not asserted and make arguments that have nothing to do with the defenses and counterclaims asserted in this action in an attempt to justify their wholly improper and unsupportable discovery requests. Plaintiffs inaccurately frame the discovery dispute by ignoring the salient facts at issue, including, most glaringly, the 2019 Novel Coronavirus Disease ("COVID-19") and related government closures that are at the heart of this dispute. The COVID-19 global pandemic ("COVID-19 Pandemic") is inarguably an unprecedented and unforeseen event and for Plaintiffs to ignore it in presenting their position is another example of Plaintiffs' bad faith approach to discovery in general and to this discovery dispute in particular. Plaintiffs also intentionally mislead the Court by arguing that Defendants contend that they were excused from paying rent because they were unable to pay it, *i.e.*, that Defendants did not have the money to pay it. In this litigation, Defendants have never, not in the Joint Rule 26 Report of Counsel (*See* **Exhibit 2, pp. 11, 14**), not during the lengthy (over three (3) hour) meet and confer on this discovery dispute, and not in the Answer, Affirmative Defenses and Counterclaim to the First Amended Complaint filed by Defendants (**Exhibit 8**), asserted a defense based on lack of funds. Plaintiffs make this intentionally false argument because they know that otherwise there is no basis for

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the overreaching, immaterial and irrelevant discovery they seek about Defendants' finances.

As set forth in Defendants' submissions and pleadings, Tenant did not refuse to pay rent under the Leases and the Guarantys were never implicated. Rather, Store SPE breached the Leases, and as a result of the breaches, the government mandated stay-at-home orders and non-essential business closures resulting from COVID-19, pursuant to the express provisions in the Leases and applicable law, Tenant is excused from paying rent during the period of the government closures and/or rent is abated during that period. During the period of the government closures, the essential purpose of the Leases was frustrated, Store SPE failed to provide Tenant with the benefit of its bargain, Tenant did not receive the benefit of its bargain and performance was rendered impracticable and impossible. Nevertheless, and in contravention of the Leases and the legal principles applicable to the circumstances, Store SPE improperly sought compensation for a benefit Store SPE did not provide and Tenant did not receive and demanded Tenant pay full rent. It was this frustration of purpose and the temporary impossibility of the performance for the intended use that William Horner addressed in the March 17, 2020 email containing a proposal to Store SPE for a rent holiday (the email is titled, "Requested Rent Holiday") as a result of COVID-19. In their Preliminary Statement, Plaintiffs omit relevant portions of the Horner March 17, 2020 E-mail, isolating the word "impossible" and taking it out of context to bolster their unsupported and unsupportable argument that Tenant has taken the position that it was "impossible" for it to pay rent during the period of the closures due to financial inability to pay. To repeat, neither Tenant nor Guarantor has taken the position that lack of funds is an issue. Rather, as set forth above, from the inception of this matter, Tenant has maintained that "no defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent." (**Exhibit 2, p. 14 (emphasis added)**). Plaintiffs intentionally mislead the Court in arguing otherwise. Plaintiffs also fail to state that

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the Horner March 17, 2020 E-mail was a settlement proposal and therefore it, and its contents, are inadmissible at trial and cannot be used now to support the specious argument, belied by the actual claims and defenses asserted by Defendants, that rent during the time of the closures was not paid because Tenant did not have the money to pay it. *See Fed. R. Evid. 408; Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007) ("The text of the rule is clear: evidence from settlement negotiations may not be considered in court 'when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction.'").

Further, Defendants did not assert "boilerplate" objections to the discovery requests and in making this improper argument Plaintiffs once again omit relevant portions of Defendants' responses to mislead the Court. In deeming the objections to be "boilerplate," Plaintiffs omit any reference to the full paragraphs of explanation that are included in the objections and that set forth the specific reasons for the objections. Plaintiffs intentionally and improperly expand this litigation, and Defendants' costs and fees, by making inaccurate and misleading arguments about the issues in dispute and Defendants' defenses and counterclaims. Demanding that Defendants respond to this over 100 page Stipulation when Defendants have fully and properly responded to discovery is just one example of Plaintiffs' bad faith approach to this litigation. It is plain that Plaintiffs are engaging in a litigation strategy that is aimed not at obtaining relevant and material discovery about the claims and defenses in this action, but at causing Defendants as much time and expense as possible. Such tactics are improper and should not be countenanced by the Court.

**PRE-FILING CONFERENCE PURSUANT TO LOCAL RULE 37-1**

Plaintiffs' propounded the Requests on August 3, 2020, to which Defendants responded on September 2, 2020. Plaintiffs initiated the meet and confer process by letter on September 3, 2020. On September 11, 2020, Defendants agreed to amend

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

their responses as to some issues but not others during a telephonic meet and confer. On September 18, 2020, Defendants provided their amended set of responses to the Requests. Discovery was stayed on September 25, 2020 by agreement of the parties. The stay is no longer in effect. The remaining issues described in this Joint Stipulation relate to issues for which, for the reasons plainly stated during the meet and confer and repeated in this submission, the Defendants declined to amend their responses during the meet-and-confer.

**ISSUES IN DISPUTE**

## I.    FITNESS INTERNATIONAL'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

### A.    Interrogatory to Fitness International No. 1

#### 1.    ROG No. 1:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for April 2020, including the amount of rent YOU paid.

#### 2.    Fitness International's Amended Response to ROG No. 1:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

filed its answer to the First Amended Complaint ("FAC") due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent,"

Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3.  **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of April 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("General or boilerplate objections such as 'overly burdensome and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citation omitted); (**Exhibit 4** ("Initial Fitness International Interrogatories Responses") at 10). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.    **Defendants' Position**

The following is a short summary of the claims and defenses at issue in the discovery dispute. Defendant Fitness & Sports Clubs, LLC ("Tenant"), as tenant, and Plaintiff Store SPE LA Fitness 2013-7, LLC ("Store SPE" or "Landlord") are parties to commercial leases for properties located at 2401 Edge O Lake Drive, Antioch, TN 37013 ("Edge O Lake Lease"), 3001 Blake James Drive, Lexington, KY 40509 ("Blake James Lease") and 1028 Wellington Way, Lexington, KY 40513 ("Wellington Lease," and together with the Edge O Lake Lease and the Blake James Lease, the "Leases"). Defendant Fitness International, LLC ("Guarantor") is a party, as guarantor, to a Guaranty Agreement for the Edge O Lake Lease ("Edge O Lake Guaranty"), to a Guaranty Agreement for the Blake James Lease ("Blake James Guaranty") and to a Guaranty Agreement for the Wellington Lease ("Wellington Guaranty," and together with the Edge O Lake Guaranty and the Blake James Guaranty, the "Guarantys"). Although Plaintiff Store Master Funding V, LLC joins in the Stipulation, it was not a party to the Leases and it has no right to any discovery concerning the Leases or the Guarantys.

Pursuant to the Leases, Tenant leased each of the premises (collectively, the "Premises") from Store SPE for use as a health club and fitness facility. In the Leases, among other things, Store SPE represented, covenanted and warranted to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Tenant that (i) Tenant's operation of its business from the Premises did not violate, and would not violate, restrictions on use, (ii) Tenant shall have the right throughout the term of the lease to operate the Premises, or any portion thereof, for a health club and fitness facility, and (iii) Tenant shall at all times have peaceful and quiet possession and enjoyment of the premises, and (iv) Tenant shall quietly enjoy the Premises for the entire term of the lease without any hindrance or interruption. Store SPE breached each of these representations, covenants, and warranties.

COVID-19 was declared to be a global pandemic on March 11, 2020 and a national state of emergency was declared on March 13, 2020. Beginning on March 17, 2020, the Governors of Kentucky and Tennessee issued a series of executive orders directing that all gyms and fitness centers immediately close to reduce and slow the perceived spread of COVID-19. (*See* __Counterclaim (Exhibit 8), ¶¶31-34__). Store SPE asserts that Tenant refused to pay rent under the Leases beginning in April 2020. (*See* __First Amended Complaint (Exhibit 9), ¶86__). It is undeniable that during the period the closures were in effect, in material breach of the Leases, Tenant was denied use and enjoyment of the Premises and Tenant was prohibited from using the Premises to operate a health club and fitness facility. During the period the closures were in effect, Store SPE did not comply, and could not comply, with the parties' intent and essential purpose of the Leases and, in turn (i) the totality of the bargain that Tenant was to receive under and through the Leases, and the intent of the parties in entering into the Leases, was frustrated and (ii) it was impossible and/or impracticable for Tenant to operate the intended use from the premises. As monthly installment agreements, Store SPE's obligations under the Leases accrue each month, and Tenant's ability to use the Premises and operate its business from the Premises is a condition precedent to its obligation to pay rent. Further, Store SPE's compliance with its representations, warranties and covenants in the Leases is a condition precedent to Tenant's obligation to pay rent.

The impossibility of performance was temporary, but it nevertheless excused

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Tenant's obligation to pay rent under the Leases while it lasted. *See Bergin v. Van Der Steen*, 236 P.2d 613, 618 (Cal. App. 1951); *see also Peak Constr., Inc. v. R&R Erectors, Inc.*, 2006 WL 6250736, at *1 (Ky. Oct. 12, 2006) ("The law is that when the performance of a contract is based upon the continued existence of a given thing, the existence being assumed as a basis of the contract, performance is excused when the existence fails. *Beach on Contracts*, § 217; *Williston on Contracts, § 1567*; *Senters v. Elkhorn & Jellico Coal Co.*, 145 S.W.2d 848, 851 (Ky.App., 1940)."); *Merwin v. Davis*, 2017 WL 935107, at *3 (Tenn. Ct. App. March 9, 2017) (finding the trial court "correctly held that the doctrine of impossibility of performance precludes finding a breach of contract in this case.").

A review of the Guarantor's actual response to this Interrogatory set forth above reveals there is no basis for Plaintiff's arguments. The Guarantor's payment of rent in April 2020, either as a guarantor or as a tenant, to other landlords pursuant to other leases, which contain provisions and language not contained in the Leases, which are interpreted in accordance with the laws of other jurisdictions, and which are subject to other municipal, county and state government mandated closure orders, are not probative of the issues in this dispute. Further, the Interrogatory was posed in reliance upon the knowingly inaccurate argument that the Guarantor has claimed financial inability to pay rent for April 2020.

For the reasons described in Defendants' Introductory Statement, Defendants never stated that payment of rent was financially impossible. In responding to this Interrogatory directed to Defendant Fitness International, LLC, the guarantor of the Leases, Guarantor expressly stated: "Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action…"Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted…. in the Joint Report, in response to Plaintiffs' argument that 'Defendants cite 'impossibility' as a

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent,' Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." (**Joint Report (Exhibit 2), pp. 13, 14**). As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action."

Defendants cannot state it more plainly. Whether Guarantor, the guarantor of the Leases at issue in this dispute, made rent payments to other landlords (and in what amounts) in the month of April 2020 is completely irrelevant to the claims and defenses asserted here. Defendants explained this, repeatedly, to Plaintiffs' counsel during the meet and confer. That Plaintiffs ignored both the written discovery response and ignored the verbal explanation of the written discovery response in order to pursue this baseless motion to compel is indicative of Plaintiffs' bad faith approach to discovery. Plaintiffs have "the burden of demonstrating why the information sought is relevant," and they have failed to do so. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). Further, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." *Centeno v. City of Fresno*, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citation omitted).

The Interrogatory response provides detailed reasons for the objections.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Guarantor does not make "unadorned" objections of overbreadth, burden, and harassment as Plaintiffs argue, but rather states: "[Guarantor] further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, **because, as explained further below,** it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action." Four full paragraphs of explanation for the objections follow. No more is required. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

**B.** **Interrogatory to Fitness International No. 2**

**1.** **ROG No. 2:**

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for May 2020, including the amount of rent YOU paid.

**2.** **Fitness International's Amended Response to ROG No. 2:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the

action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3. Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of May 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 4** at 10–11). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.     Defendants' Position

Interrogatory No. 2 is identical to Interrogatory No. 1 except that it applies to a different time period (*i.e.*, May 2020). Guarantor's response to Interrogatory No. 2 is virtually identical to its response to Interrogatory No. 1, except that it applies to a different time period (*i.e.*, May 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

### C.     Interrogatory to Fitness International No. 3

#### 1.     ROG No. 3:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for June 2020, including the amount of rent YOU paid.

### 2.     Fitness International's Amended Response to ROG No. 3:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6.*

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3.    **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of June 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome,"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

"overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 4** at 11). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.    Defendants' Position

Interrogatory No. 3 is identical to Interrogatory No. 1 except that it applies to a different time period (*i.e.*, June 2020). Guarantor's response to Interrogatory No. 3 is virtually identical to its response to Interrogatory No. 1, except that it applies to a different time period (*i.e.*, June 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

### D.    Interrogatory to Fitness International No. 4

#### 1.    ROG No. 4:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for July 2020, including the amount of rent YOU paid.

#### 2.    Fitness International's Amended Response to ROG No. 4:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6.*

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3.  <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of June 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 4** at 12). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.  Defendants' Position

Interrogatory No. 4 is identical to Interrogatory No. 1 except that it applies to a different time period (*i.e.*, July 2020). Guarantor's response to Interrogatory No. 4 is virtually identical to its response to Interrogatory No. 1, except that it applies to a different time period (*i.e.*, July 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

### E.  Interrogatory to Fitness International No. 5

#### 1.  ROG No. 5:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for August 2020, including the amount of rent YOU paid.

#### 2.  Fitness International's Amended Response to ROG No. 5:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.* As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of August 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 4** at 12). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.    **Defendants' Position**

Interrogatory No. 5 is identical to Interrogatory No. 1 except that it applies to a different time period (*i.e.*, August 2020). Guarantor's response to Interrogatory No. 5 is virtually identical to its response to Interrogatory No. 1, except that it applies to a different time period (*i.e.*, August 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

### F.    **Interrogatory to Fitness International No. 9**

### 1.    **ROG No. 9:**

List ALL parameters YOU used to search for AND locate responsive documents for each request contained in Plaintiffs' First Set of Requests for Production to Defendant Fitness International, LLC, including, but not limited to, custodians, date ranges, search terms employed (to the extent used), AND locations (both electronic and non-electronic) searched for responsive DOCUMENTS.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### 2.    Fitness International's Amended Response to ROG No. 9:

Objection. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, including because it is inconsistent with, or purport to impose burdens on, Answering Defendant greater than those imposed by the applicable rules of civil procedure, including Rule 33(b). Pursuant to Fed. R. Civ. P. 33(b)(2)(B), in responding to a document request, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." No further information is required. The parties have not agreed to any protocol relating to search terms, custodians, date ranges or search parameters relating to the production of documents, electronic or otherwise.

Without waiving the foregoing objections, Answering Defendant responds as follows. Answering Defendant has complied with its obligations pursuant to Fed. R. Civ. P. 33(b)(2)(B), in responding to the document requests served upon it. Answering Defendant is unaware of any law that requires it to reveal the process it undertook to respond to said discovery, which is what is being requested.

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, courts have found interrogatories seeking the search parameters used to locate relevant documents to be both relevant and permissible. *McNearney*, 2012 U.S. Dist. LEXIS 108386, at *4, 16–17. Defendants' claim that Rule 33 should apply to an interrogatory propounded under Rule 34 makes little sense.[2]

Fitness International's unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Plaintiffs

---

[2] Although Fitness International's objection cites Rule 33(b)(2)(B), this appears to be a typo meant to read Rule 34(b)(2)(B).

proposed at the meet and confer that the requested information be provided.

### 4.  **Defendants' Position**

A review of the Guarantor's actual response to this Interrogatory set forth above reveals there is no basis for Plaintiff's arguments. In asserting their arguments Plaintiffs once again omit the full basis for the response. The parties have no agreed upon protocol relating to search terms, custodians, date ranges or search parameters relating to the production of documents, electronic or otherwise. No applicable rule of procedure and no law requires Guarantor to reveal the process it undertook to respond to the document requests in the absence of any agreement to the contrary. Plaintiffs did not cite to any authority to support their arguments during the meet and confer and *McNearney* is not applicable. There, after objecting to the interrogatory, the defendant agreed to respond to it. The plaintiff argued that the response was incomplete because documents had been produced from a person who was not identified in the interrogatory as someone whose files had been searched in responding to the document request. The court held that in these circumstances the defendant had to provide a more complete answer. The court noted that defendant had not objected to the initial interrogatory on the basis of overbreadth and could not do so now after responding. Here, Guarantor objected on the basis that the interrogatory is overbroad, among other things.

What Plaintiffs seek is really "discovery about discovery." Plaintiffs do not contend that responsive documents have not been produced, nor could they as the document production is due the same day as this massive and time-wasting Joint Stipulation is being filed. Plaintiffs do not specify what additional information this interrogatory is aimed at achieving and do not provide any reason why this discovery should be had. *See Hanan v. Corso*, 1998 WL 429841, at *7 (D. D.C. April 24, 1998) (denying, as improper "discovery about discovery," request for documents about efforts to respond to document requests: "Discovery under the Federal Rules of Civil Procedure is already a costly and time consuming process. To add another level of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

discovery in every case is fraught with peril; to do so in a case. . .without any clear showing that the discovery will lead to relevant evidence is truly foolhardy."); *see also Orillaneda v. French Culinary Institute*, 2011 WL 4375365, at *8 (S.D. N.Y. Sept. 19, 2011) ("a plaintiff is not entitled to conduct discovery that is solely relevant to the sufficiency of the adversary's document production without first identifying facts suggesting that the production is deficient."*).*

Moreover, contrary to Plaintiffs' intentionally misleading argument, the Interrogatory response provides detailed reasons for the objections. The Interrogatory sought information concerning Guarantor's production of documents. Guarantor does not make "unadorned" objections of overbreadth, burden, and harassment as Plaintiffs argue, but rather states: "[Guarantor] further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, including because it is inconsistent with, or purport to impose burdens on, [Guarantor] greater than those imposed by the applicable rules of civil procedure, including Rule 33(b). Pursuant to Fed. R. Civ. P. 33(b)(2)(B), in responding to a document request, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." No further information is required. The parties have not agreed to any protocol relating to search terms, custodians, date ranges or search parameters relating to the production of documents, electronic or otherwise." This is a full explanation for the objection. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## II.    FITNESS & SPORTS CLUBS' RESPONSES TO PLAINTIFFS' INTERROGATORIES

### A.    Interrogatory to Fitness & Sports Clubs No. 1

#### 1.    ROG No. 1:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for April 2020, including the amount of rent YOU paid.

#### 2.    Fitness & Sports Clubs' Amended Response to ROG No. 1:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the First Amended Complaint ("FAC") due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3. Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of April 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 5** ("Initial Fitness & Sports Clubs Interrogatories Responses") at 10). Plaintiffs proposed at the meet and confer that the requested information be provided.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

#### 4.    <u>Defendants' Position</u>

A review of the Tenant's actual response to this Interrogatory set forth above reveals there is no basis for Plaintiff's arguments. Tenant's payment of rent in April 2020, as a guarantor or as a tenant, to other landlords pursuant to other leases, which contain provisions and language not contained in the Leases, which are interpreted in accordance with the laws of other jurisdictions, and which are subject to other municipal, county and state government mandated closure orders, are not probative of the issues in this dispute. Further, the Interrogatory was posed in reliance upon the knowingly inaccurate argument that Tenant has claimed financial inability to pay April 2020. For the reasons described in Defendants' Introductory Statement, Defendants never stated that payment of rent was financially impossible. In responding to this Interrogatory directed to Defendant Fitness & Sports Clubs, LLC, the Tenant in the Leases, expressly stated: "Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added) . . . in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action."

Tenant cannot state it more plainly. Whether Tenant, the tenant in the Leases at issue in this dispute, made rent payments to other landlords (and in what amounts) in the month of April 2020 is completely irrelevant to the claims and defenses asserted here. Defendants explained this, repeatedly, to Plaintiffs' counsel during the meet and confer. That Plaintiffs ignored both the written discovery response and ignored the verbal explanation of the written discovery response in order to pursue this baseless motion to compel is indicative of Plaintiffs' bad faith approach to discovery. Plaintiffs have "the burden of demonstrating why the information sought is relevant," and they have failed to do so. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). Further, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." *Centeno v. City of Fresno*, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citation omitted).

Further, the Interrogatory response provides detailed reasons for the objections. Tenant does not make "unadorned" objections of overbreadth, burden, and harassment as Plaintiffs argue, but rather states: "[Tenant] further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, **because, as explained further below,** it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action." Four full paragraphs of explanation for the objections follow. No more is required. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

demonstrating…why the responding party's objections lack merit.").

## B. Interrogatory to Fitness & Sports Clubs No. 2

### 1. ROG No. 2:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for May 2020, including the amount of rent YOU paid.

### 2. Fitness & Sports Clubs' Amended Response to ROG No. 2:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3. <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of May 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**<u>Exhibit 5</u>** at 10–11). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4. <u>Defendants' Position</u>

Interrogatory No. 2 is identical to Interrogatory No. 1 except that it applies to a different time period (*i.e.*, May 2020). Tenant's response to Interrogatory No. 2 is virtually identical to its response to Interrogatory No. 1, except that it applies to a

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

different time period (*i.e.*, May 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

### C.     Interrogatory to Fitness & Sports Clubs No. 3

#### 1.     ROG No. 3:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for June 2020, including the amount of rent YOU paid.

#### 2.     Fitness & Sports Clubs' Amended Response to ROG No. 3:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory seeks private/financial information to which Plaintiff is not entitled.

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of June 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 5** at 11–12). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.    Defendants' Position

Interrogatory No. 3 is identical to Interrogatory No. 1 except that it applies to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

a different time period (*i.e.*, June 2020). Tenant's response to Interrogatory No. 3 is virtually identical to its response to Interrogatory No. 1, except that it applies to a different time period (*i.e.*, June 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

### D.    Interrogatory to Fitness & Sports Clubs No. 4

#### 1.    ROG No. 4:

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for July 2020, including the amount of rent YOU paid.

#### 2.    Fitness & Sports Clubs' Amended Response to ROG No. 4:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

frustration of purpose." *Joint Report, pp. 13, 14*. As such, Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action.

Without waiver of the foregoing objections, Answering Defendant responds as follows. Answering Defendant paid rent to Store SPE in July 2020 for the Wellington property in the amount of $74,772.42. Answering Defendant paid rent to Store SPE in July 2020 for the Blake James property in the amount of $82,084.91.

### 3.   <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of July 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Notably, Defendant did not pay rent for the Edge O Lake property in July 2020.

Fitness & Sports Clubs' unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 5** at 12). Plaintiffs proposed at the meet and confer that the requested information be provided.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**4.      Defendants' Position**

Interrogatory No. 4 is identical to Interrogatory No. 1 except that it applies to a different time period (*i.e.*, July 2020). Tenant's response to Interrogatory No. 4 is virtually identical to its response to Interrogatory No. 1, except that it applies to a different time period (*i.e.*, July 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

**E.      Interrogatory to Fitness & Sports Clubs No. 5**

**1.      ROG No. 5:**

List ALL properties YOU lease OR guarantee a tenant's performance of lease obligations for which YOU have paid the landlord rent for August 2020, including the amount of rent YOU paid.

**2.      Fitness & Sports Clubs' Amended Response to ROG No. 5:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*. Answering Defendant's business relationships, if any, either as a tenant under a lease or as a guarantor of a lease, with entities other than Plaintiffs and with regard to any lease other than the leases are issue in this action, are wholly irrelevant to the parties' claims or defenses in this action.

Without waiver of the foregoing objections, Answering Defendant responds as follows. Answering Defendant paid rent to Store SPE in August 2020 for the Wellington property in the amount of $74,772.42. Answering Defendant paid rent to Store SPE in August 2020 for the Blake James property in the amount of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

$82,084.91.

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, whether Defendants made rent payments to other landlords (and in what amounts) in the month of August 2020 is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Notably, Defendant did not pay rent for the Edge O Lake property in August 2020.

Fitness & Sports Clubs' unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request "seeks private/financial information" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 5** at 12–13). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.    Defendants' Position

Interrogatory No. 5 is identical to Interrogatory No. 1 except that it applies to a different time period (*i.e.*, August 2020). Tenant's response to Interrogatory No. 5 is virtually identical to its response to Interrogatory No. 1, except that it applies to a different time period (*i.e*., August 2020). As such, Defendants' Position set forth above in response to Plaintiffs' Position concerning Interrogatory No. 1 is incorporated by reference.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**F.**   **Interrogatory to Fitness & Sports Clubs No. 6**

   **1.**   **ROG No. 6:**

List ALL parameters YOU used to search for AND locate responsive documents for each request contained in Plaintiffs' First Set of Requests for Production to Defendant Fitness & Sports Clubs, LLC, including, but not limited to, custodians, date ranges, search terms employed (to the extent used), AND locations (both electronic and non-electronic) searched for responsive DOCUMENTS.

   **2.**   **Fitness & Sports Clubs' Amended Response to ROG No. 6:**

Objection. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, including because it is inconsistent with, or purport to impose burdens on, Answering Defendant greater than those imposed by the applicable rules of civil procedure, including Rule 33(b). Pursuant to Fed. R. Civ. P. 33(b)(2)(B), in responding to a document request, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." No further information is required. The parties have not agreed to any protocol relating to search terms, custodians, date ranges or search parameters relating to the production of documents, electronic or otherwise.

Without waiving the foregoing objections, Answering Defendant responds as follows. Answering Defendant has complied with its obligations pursuant to Fed. R. Civ. P. 33(b)(2)(B), in responding to the document requests served upon it. Answering Defendant is unaware of any law that requires it to reveal the process it undertook to respond to said discovery, which is what is being requested.

   **3.**   **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, courts have found interrogatories seeking the search parameters used to locate relevant documents to be both relevant and permissible. *McNearney*, 2012 U.S. Dist. LEXIS 108386, at *4, 16–17. Defendants' claim that Rule 33 should apply to an interrogatory propounded

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

under Rule 34 makes little sense.[3]

Fitness & Sports Clubs' unadorned objections of "unduly burdensome," "overbroad," and "harassing" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Plaintiffs proposed at the meet and confer that the requested information be provided.

### 4.    Defendants' Position

Interrogatory No. 5 is identical to Interrogatory No. 5 directed to Guarantor and Tenant's response to Interrogatory No. 5 was identical to Guarantor's response to Interrogatory No. 5. Therefore, Defendants' Position set forth above concerning Guarantor's response to Interrogatory No. 5 is incorporated by reference.

## III.    FITNESS INTERNATIONAL'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

### A.    Request for Production to Fitness International No. 8

#### 1.    RFP No. 8:

YOUR bank statements for the last three (3) years.

#### 2.    Fitness International's Amended Response to RFP No. 8:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

---

[3] Although Fitness & Sports Clubs' objection cites Rule 33(b)(2)(B), this appears to be a typo meant to read Rule 34(b)(2)(B).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

"Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. Plaintiffs are not entitled to the discovery of Answering Defendant's financial information. No defense based on lack of funds has been asserted. All responsive documents are being withheld on the basis of the above objections.

### 3.  **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of bank statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** ("Initial Fitness International Requests for Production Responses") at 19). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

As with the Interrogatories posed to Defendants discussed above, the sole reason that Plaintiffs seek these documents is because Plaintiffs baselessly and improperly refuse to accept Defendants' repeated representations, statements, and assurances, in written submissions made to Plaintiffs and the Court, and orally during the parties' over three (3) hour long meet and confer concerning this discovery. Defendants have not asserted a defense in this action based upon an inability to pay rent allegedly owed to Store SPE due to a lack of funds by Guarantor or Tenant.

In alluding, without explanation, to "Defendants' claim that the leases' force majeure clause permitted them not to perform," Plaintiffs introduce yet another misleading argument. That the government mandated closures during a discrete period of time in 2020 constitute Force Majeure events under the Leases is no basis for delving into Guarantor's finances, including obtaining its bank statements. Further, the cause of the delay, hindrance or prevention could not be cured by the payment of money, as there is no amount of money that could have been paid to eliminate the Force Majeure Event. Even if Tenant had paid Rent during the government mandated closures, the underlying problem would not have been solved—and Tenant would still not have been able to operate its business from the Premises.

Guarantors' bank statements over a three year period have absolutely nothing to do with any of the claims or defenses in this action. Guarantor does not assert a defense based on lack of funds. Tenant does not assert a defense or claim based on lack of funds. The discovery sought is wholly irrelevant and immaterial to any of the claims and defenses in this action. It is apparent Plaintiffs seek this discovery in an

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

effort to harass Defendants and increase their costs and expenses in this action. It is apparent that Plaintiffs refuse to accept the repeated representations, statements and assurances provided to them about why this discovery is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence solely in an attempt to harass Defendants and increase their costs and expenses in this action.

Further, as they have in arguing about the discovery responses above, Plaintiffs again misstate the objections made. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Guarantor gave a detailed explanation of the reasons for the objections. "[Guarantor] further objects to this request to the extent it is overbroad and unduly burdensome and harassing, **because, as explained further below,** it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action." (Emphasis added). Four full paragraphs of explanation for the objections follow. No more is required. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit."). In further support of this position, Guarantor incorporates by reference Defendants' Preliminary Statement and Defendants' Position concerning Interrogatory No. 1.

**B.**     **Request for Production to Fitness International No. 9**

　　　**1.**     **RFP No. 9:**

DOCUMENTS RELATING to YOUR insurance policies covering YOUR operations at the BLAKE JAMES, EDGE O LAKE, AND WELLINGTON properties, including, but not limited to, business interruption insurance policy DOCUMENTS.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

2.   **Fitness International's Amended Response to RFP No. 9:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

There is no requirement in the Blake James, Edge O Lake and/or Wellington lease requiring Answering Defendant, as guarantor, or Defendant Fitness Sports & Clubs, LLC, as tenant, to maintain business interruption insurance for the leased premises. Further, Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. Plaintiffs are not entitled to the discovery of Answering Defendant's financial information. No defense based on lack of funds has been asserted. All responsive documents are being withheld on the basis of the above objections.

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, Defendants' business

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

interruption insurance policies are directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 19). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    **Defendants' Position**

Once again Plaintiffs ignore the facts in making baseless arguments about the discovery responses. Defendants have not asserted any defense based on lack of funds, for the reasons stated repeatedly and at length above, rendering the discovery of any insurance policies of Guarantor immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this action.

Once again Plaintiffs misstate the objections, omitting relevant information. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Guarantor gave a detailed explanation of the reasons for the objections. "[Guarantor] further objects to this request to the extent it is overbroad and unduly burdensome and harassing, **because, as explained further below**  it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action." (Emphasis added). Four full paragraphs of explanation for the objections follow. No more is required. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

## C.   Request for Production to Fitness International No. 10

### 1.   RFP No. 10:

YOUR independent accountants' management letters RELATING to YOUR internal controls AND contingent liabilities (if any) for the last three (3) years.

### 2.   Fitness International's Amended Response to RFP No. 10:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the

application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. Plaintiffs are not entitled to the discovery of Answering Defendant's financial information. No defense based on lack of funds has been asserted. All responsive documents are being withheld on the basis of the above objections.

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of management letters relating to liabilities and controls) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own financial structure and controls* (as is relevant to a force majeure defense).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 20). Plaintiffs proposed at the meet and confer that the requested documents be provided.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of Guarantor's "independent accountants' management letters RELATING to YOUR internal controls AND contingent liabilities," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it makes for each request or interrogatory, based on material misstatements and omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Guarantor gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### D.    Request for Production to Fitness International No. 11

#### 1.    RFP No. 11:

Findings YOU made as a result of internal audits conducted by YOUR independent accountants for the last three (3) years.

#### 2.    Fitness International's Amended Response to RFP No. 11:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3. <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of findings arising from internal audits) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own financial structure and controls* (as is relevant to a force majeure defense).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 21). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.   **Defendants' Position**

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of the "Findings YOU made as a result of internal audits conducted by YOUR independent accountants for the last three (3) years," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it makes for each request or interrogatory, based on material misstatements and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Guarantor gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### E.    Request for Production to Fitness International No. 12

#### 1.    RFP No. 12:

YOUR audited FINANCIAL STATEMENTS for the last three (3) years.

#### 2.    Fitness International's Amended Response to RFP No. 12:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.   Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of financial statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 22). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.   Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of "YOUR audited FINANCIAL STATEMENTS for the last three (3) years," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it makes for each request or interrogatory, based on material misstatements and omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Guarantor gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

**F.    Request for Production to Fitness International No. 13**

    **1.    RFP No. 13:**

YOUR unaudited FINANCIAL STATEMENTS for the last three (3) years.

    **2.    Fitness International's Amended Response to RFP No. 13:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections.

### 3.  **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of financial statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g., Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 22). Plaintiffs proposed at the meet and confer that the requested documents be provided.

## 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of "YOUR unaudited FINANCIAL STATEMENTS for the last three (3) years," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it makes for each request or interrogatory, based on material misstatements and omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Guarantor gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### G.    Request for Production to Fitness International No. 14

#### 1.    RFP No. 14:

YOUR articles of organization.

#### 2.    Fitness International's Amended Response to RFP No. 14:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant objects to this Request as vague and ambiguous as to what it meant by "articles of organization." Answering Defendant further objects to this Request to the extent it is overbroad and unduly burdensome, including because it seeks the production of documents that are immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that do not relate to the legal elements of the parties' claims or defenses. There is no claim or defense in the action that relates to or concerns Answering Defendant's organization as a legal entity. It is undisputed that Answering Defendant is a limited liability company.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

#### 3.    Plaintiffs' Position

First, the term "articles of organization" is not vague. Fitness International is a California limited liability company and, thus, is required to prepare "articles of organization." Cal. Corp. Code § 17702.01. This is the plain meaning of the term.

Second, for the reasons described in Plaintiffs' introduction, Fitness International's articles of organization provides important information regarding the organizational and financial structure of Fitness International, which are directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, it is puzzling how producing an "articles of organization" would be unduly burdensome or overbroad. Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible.

Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Guarantor gave a detailed explanation of the reasons for the objection to the request for Guarantor's articles of organization: "There is no claim or defense in the action that relates to or concerns Answering Defendant's organization as a legal entity. It is undisputed that Answering Defendant is a limited liability company." Plaintiffs intentionally miss the mark when arguing that it is "puzzling" why producing "articles of organization" is unduly burdensome or overbroad. The request is overbroad and unduly burdensome because Guarantor should not have to respond to discovery for documents that have no relevance to the action, are immaterial to any claim or defense, and will not lead to the discovery of admissible evidence. The purpose of discovery is not to allow Plaintiffs to go on a fishing expedition, rather

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the discovery sought must be relevant and proportional to the needs of the case. This is not. *See Mailhoit* v. Home Depot U.S.A., 2012 WL 12884129, at *2 (C.D. Cal. Sept. 4, 2012) ("Where discovery requests seek information which bears no relationship to the subject matter of the complaint, courts appropriately deny enforcement."). Plaintiffs, other than arguing they want it, have not, and cannot, articulate a good faith reason the discovery should be had. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### H. <u>Request for Production to Fitness International No. 15</u>

#### 1. <u>RFP No. 15:</u>

YOUR operating agreement.

#### 2. <u>Fitness International's Amended Response to RFP No. 15:</u>

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant objects to this Request as vague and ambiguous as to what it meant by "operating agreement." Answering Defendant further objects to this Request to the extent it is overbroad and unduly burdensome, including because it seeks the production of documents that are immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that do not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Without waiver of the foregoing objections, Answering Defendant responds as follows. The operating agreement, if any, of Answering Defendant in Answering Defendant's possession, custody, or control in response to this request is being withheld on the basis of the above objections.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### 3.     <u>Plaintiffs' Position</u>

First, the term "operating agreement" is not vague. Fitness International is a California limited liability company and, thus, is required to have an "operating agreement." Cal. Corp. Code § 17704.01. This is the plain meaning of the term.

Second, for the reasons described in Plaintiffs' introduction, Fitness International's operating agreement provides important information regarding the organizational and financial structure of Fitness International, which are directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Finally, Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, it is puzzling how producing an "operating agreement" would be unduly burdensome or overbroad. Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.     <u>Defendants' Position</u>

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. Similarly, there is no basis for allowing discovery of Guarantor's "operating agreement,"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

including because Guarantor's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

## I.    Request for Production to Fitness International No. 16

### 1.    RFP No. 16:

YOUR federal, state, local, AND foreign tax returns for the latest closed year AND ALL open years.

### 2.    Fitness International's Amended Response to RFP No. 16:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1   entitled to the discovery of Defendants' financial information. <u>No defense based on</u>
2   <u>lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

3       As further set forth in the Joint Report: "while Plaintiffs admit that the terms
4   of the leases are different. . .Plaintiffs ignore the express terms of the individual
5   leases that Store SPE [as landlord] violated by, among other things, failing to deliver
6   the leased premises to Tenant for its use and enjoyment each month as required by
7   the individual leases, and further ignore the facts and circumstances of the COVID-
8   19 Pandemic, including that as a result of the closures due to the COVID-19
9   Pandemic, Store SPE was unable and/or unwilling to perform under the parties'
10  leases." *Joint Report, p. 6*.

11      As Answering Defendant further states in the Joint Report, "[w]ith respect to
12  the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake
13  James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached
14  the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the
15  circumstances and as a result of the closures due to COVID-19, common law
16  principles of impossibility of performance, impracticability and frustration of
17  purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to
18  damages." *Joint Report, p. 7*.

19      Finally, in the Joint Report, in response to Plaintiffs' argument that
20  "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it
21  is 'impossible' to pay rent only if Defendants have no financial ability to pay rent,"
22  Answering Defendant again states: "Plaintiffs are not entitled to the discovery of
23  Defendants' financial information. No defense based on lack of funds has been
24  asserted. The impossibility of performance defense is not based on financial ability
25  to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake
26  leases will involve not only an interpretation of the individual leases, but also the
27  application of the common law principles of impossibility, impracticability and
28  frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of tax returns) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 23–24). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. Plaintiffs seek Guarantor's tax returns but provide no reason other than the knowingly false and misleading one discussed above for obtaining them. Further, "California law affords a very strong privilege from discovery for tax returns." *Dabeervision, Inc. v. C&A Marketing, Inc.*, 2019 WL 7166982, at *7 (C.D. Cal. May 17, 2019) (noting in a diversity action, state law governs privilege issues). The tax return privilege "is waived or does not apply in three situations: (1) there is an intentional relinquishment, (2) the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived, or (3) a public policy greater than that of confidentiality of tax returns is involved." *Id.* (citations omitted). None of these situations apply here and Plaintiffs do not argue otherwise.

Guarantor's objections based on relevancy, materiality, and time period were proper and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### J.    Request for Production to Fitness International No. 17

#### 1.    RFP No. 17:

ALL Internal Revenue Service, state, AND ANY other tax audit reports received within the past three (3) years.

#### 2.    Fitness International's Amended Response to RFP No. 17:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the

circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.    **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of tax audit reports) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 24). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Defendants' Position with respect to RFP No. 16 is incorporated by reference. Plaintiffs have no right to discovery of Guarantors' tax audit reports for the last three (3) years, if any, and have provided no basis for compelling Guarantor to produce them.

### K.    Request for Production to Fitness International No. 18

#### 1.    RFP No. 18:

YOUR internal budgets for the past three (3) years.

#### 2.    Fitness International's Amended Response to RFP No. 18:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6.*

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

"Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.    <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of internal budgets) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own budget* (as is relevant to a force majeure defense).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 25). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.     Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. The dispute at issue in this action over the Leases is for a discrete several month period of time in 2020. There is no basis for allowing discovery of Guarantor's "internal budgets for the last three (3) years," including for the reasons discussed above and because Guarantor's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Guarantor did not assert "boilerplate" objections but provided four full paragraphs explaining the objections. Such objections are proper and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### L.     Request for Production to Fitness International No. 19

#### 1.     RFP No. 19:

YOUR accounts receivable aging reports OR statements for the past three (3)

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

years.

## 2. Fitness International's Amended Response to RFP No. 19:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.    **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of accounts receivable aging reports or statements) is directly relevant to Defendants' statement that payment of rent was "impossible,"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own monetary obligations* (as is relevant to a force majeure defense).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 25–26). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    **Defendants' Position**

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. Similarly, there is no basis for allowing discovery of Guarantor's "accounts receivable aging reports OR statements for the past three (3) years," including for the reasons

discussed above and because Guarantor's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Guarantor did not assert "boilerplate" objections but provided four full paragraphs explaining the objections. Such objections are proper, and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

**M.**    **Request for Production to Fitness International No. 20**

**1.**    **RFP No. 20:**

YOUR accounts payable aging reports OR statements for the past three (3) years.

**2.**    **Fitness International's Amended Response to RFP No. 20:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.    <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of accounts payable aging reports or statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own monetary obligations* (as is relevant to a force majeure defense).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an

objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 26). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. There is no basis for allowing discovery of Guarantor's "accounts payable aging reports OR statements for the past three (3) years," including for the reasons discussed above and because Guarantor's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Guarantor did not assert "boilerplate" objections but provided four full paragraphs explaining the objections. Such objections are proper, and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### N.    Request for Production to Fitness International No. 21

#### 1.    RFP No. 21:

YOUR policies governing investment portfolios, depreciation, AND/OR amortization.

#### 2.    Fitness International's Amended Response to RFP No. 21:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to

the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3. **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of policies governing investment portfolios, depreciation and/or amortization) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own financial policies* (as is relevant to a force majeure defense).

Fitness International's unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness International's objection that this Request is "harassing" was not raised in its initial answer, and Fitness International cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 6** at 27). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 1.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Guarantor's financial information is permissible. There is no basis for allowing discovery of Guarantor's "policies governing investment portfolios, depreciation, AND/OR amortization" including for the reasons discussed above and because Guarantor's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Guarantor did not assert "boilerplate" objections but provided four full paragraphs explaining the objections. Such objections are proper, and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

## IV.  FITNESS & SPORTS CLUBS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

### A.  Request for Production to Fitness & Sports Clubs No. 7

#### 1.  RFP No. 7:

YOUR bank statements for the last three (3) years.

#### 2.  Fitness & Sports Clubs' Amended Response to RFP No. 7:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1  entitled to the discovery of Defendants' financial information. <u>No defense based on</u>

2  <u>lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

3      As further set forth in the Joint Report: "while Plaintiffs admit that the terms

4  of the leases are different. . .Plaintiffs ignore the express terms of the individual

5  leases that Store SPE [as landlord] violated by, among other things, failing to deliver

6  the leased premises to Tenant for its use and enjoyment each month as required by

7  the individual leases, and further ignore the facts and circumstances of the COVID-

8  19 Pandemic, including that as a result of the closures due to the COVID-19

9  Pandemic, Store SPE was unable and/or unwilling to perform under the parties'

10  leases." *Joint Report, p. 6*.

11      As Answering Defendant further states in the Joint Report, "[w]ith respect to

12  the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake

13  James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached

14  the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the

15  circumstances and as a result of the closures due to COVID-19, common law

16  principles of impossibility of performance, impracticability and frustration of

17  purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to

18  damages." *Joint Report, p. 7*.

19      Finally, in the Joint Report, in response to Plaintiffs' argument that

20  "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it

21  is 'impossible' to pay rent only if Defendants have no financial ability to pay rent,"

22  Answering Defendant again states: "Plaintiffs are not entitled to the discovery of

23  Defendants' financial information. No defense based on lack of funds has been

24  asserted. The impossibility of performance defense is not based on financial ability

25  to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake

26  leases will involve not only an interpretation of the individual leases, but also the

27  application of the common law principles of impossibility, impracticability and

28  frustration of purpose." *Joint Report, pp. 13, 14*.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Without waiver of the foregoing objections, Answering Defendant responds as follows. Plaintiffs are not entitled to the discovery of Answering Defendant's financial information. No defense based on lack of funds has been asserted. All responsive documents are being withheld on the basis of the above objections.

### 3. <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of bank statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**<u>Exhibit 7</u>** ("Initial Fitness & Sports Clubs Responses to Requests for Production") at 17–18). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4. <u>Defendants' Position</u>

As with the Interrogatories posed to Defendants discussed above, the sole reason that Plaintiffs seek these documents is because Plaintiffs baselessly and improperly refuse to accept Defendants' repeated representations, statements, and assurances, in written submissions made to Plaintiffs and the Court, and orally

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

during the parties' over three (3) hour long meet and confer concerning this discovery. Defendants have not asserted a defense in this action based upon an inability to pay rent allegedly owed to Store SPE due to a lack of funds by Guarantor or Tenant. In alluding, without explanation, to "Defendants' claim that the leases' force majeure clause permitted them not to perform," Plaintiffs introduce yet another misleading argument. That the government mandated closures during a discrete period of time in 2020 constitute Force Majeure events under the Leases is no basis for delving into Tenant's finances, including obtaining its bank statements. Further, the cause of the delay, hindrance or prevention could not be cured by the payment of money, as there is no amount of money that could have been paid to eliminate the Force Majeure Event. Even if Tenant had paid Rent during the government mandated closures, the underlying problem would not have been solved—and Tenant would still not have been able to operate its business from the Premises.

Tenant's bank statements over a three year period have absolutely nothing to do with any of the claims or defenses in this action. Tenant does not assert a defense based on lack of funds. Tenant does not assert a defense or claim based on lack of funds. The dispute concerning the Leases is for a discrete period in 2020. The discovery sought is wholly irrelevant and immaterial to any of the claims and defenses in this action. It is apparent Plaintiffs seek this discovery in an effort to harass Defendants and increase their costs and expenses in this action. It is apparent that Plaintiffs refuse to accept the repeated representations, statements and assurances provided to them about why this discovery is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence solely in an attempt to harass Defendants and increase their costs and expenses in this action.

Further, as they have in arguing about the discovery responses above, Plaintiffs again misstate the objections made. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Tenant gave a detailed explanation of the reasons for the objections. "[Tenant] further objects to this request to the extent it is overbroad

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

and unduly burdensome and harassing, **because, as explained further below,** it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action." (Emphasis added). Four full paragraphs of explanation for the objections follow. No more is required. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

In further support of this position, Tenant incorporates by reference Defendants' Preliminary Statement and Defendants' Position concerning Interrogatory No. 1.

**B.**    **Request for Production to Fitness & Sports Clubs No. 8**

**1.**    **RFP No. 8:**

DOCUMENTS RELATING to YOUR insurance policies covering YOUR operations at the BLAKE JAMES, EDGE O LAKE, AND WELLINGTON properties, including, but not limited to, business interruption insurance policy DOCUMENTS.

**2.**    **Fitness & Sports Clubs' Amended Response to RFP No. 8:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

in this action.

There is no requirement in the Blake James, Edge O Lake and/or Wellington lease requiring Answering Defendant, as guarantor, or Defendant Fitness Sports & Clubs, LLC, as tenant, to maintain business interruption insurance for the leased premises. Further, Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. Plaintiffs are not entitled to the discovery of Answering Defendant's financial information. No defense based on lack of funds has been asserted. All responsive documents are being withheld on the basis of the above objections.

### 3.    **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' business interruption insurance policies are directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 18). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Once again Plaintiffs ignore the facts in making baseless arguments about the discovery responses. Defendants have not asserted any defense based on lack of funds, for the reasons stated repeatedly and at length above, rendering the discovery of any insurance policies of Tenant immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this action.

Once again Plaintiffs misstate the objections, omitting relevant information. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Tenant gave a detailed explanation of the reasons for the objections. "[Tenant] further objects to this request to the extent it is overbroad and unduly burdensome and harassing, **because, as explained further below,** it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action." (Emphasis added). Four full paragraphs of explanation for the objections follow. No more is required. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### C.     Request for Production to Fitness & Sports Clubs No. 9

#### 1.     RFP No. 9:

YOUR independent accountants' management letters RELATING to YOUR internal controls AND contingent liabilities (if any) for the last three (3) years.

#### 2.     Fitness & Sports Clubs' Amended Response to RFP No. 9:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver

the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections.

### 3. <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, Defendants' financial

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

information (in the form of management letter relating to liabilities and controls) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own financial structure and controls* (as is relevant to a force majeure defense).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 18–19). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4. <u>Defendants' Position</u>

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of Tenant's "independent accountants' management letters RELATING

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

to YOUR internal controls AND contingent liabilities," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it makes for each request or interrogatory, based on material misstatements and omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Tenant gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### D.    Request for Production to Fitness & Sports Clubs No. 10

#### 1.    RFP No. 10:

Findings YOU made as a result of internal audits conducted by YOUR independent accountants for the last three (3) years.

#### 2.    Fitness & Sports Clubs' Amended Response to RFP No. 10:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1    action, has not asserted, and will not assert, inability to meet its monetary obligations

2    as a defense to the claims asserted in this action. Answering Defendant has not yet

3    filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of

4    the FAC. The motion to dismiss now has been decided and Answering Defendant

5    will timely file its an answer, affirmative defenses, and counterclaim to the FAC.

6    Notwithstanding the above, Answering Defendant has made clear in its filings to

7    date that it will not assert a defense based upon financial inability to pay rent. As set

8    forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not

9    entitled to the discovery of Defendants' financial information. <u>No defense based on</u>

10   <u>lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

11       As further set forth in the Joint Report: "while Plaintiffs admit that the terms

12   of the leases are different. . .Plaintiffs ignore the express terms of the individual

13   leases that Store SPE [as landlord] violated by, among other things, failing to deliver

14   the leased premises to Tenant for its use and enjoyment each month as required by

15   the individual leases, and further ignore the facts and circumstances of the COVID-

16   19 Pandemic, including that as a result of the closures due to the COVID-19

17   Pandemic, Store SPE was unable and/or unwilling to perform under the parties'

18   leases." *Joint Report, p. 6*.

19       As Answering Defendant further states in the Joint Report, "[w]ith respect to

20   the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake

21   James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached

22   the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the

23   circumstances and as a result of the closures due to COVID-19, common law

24   principles of impossibility of performance, impracticability and frustration of

25   purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to

26   damages." *Joint Report, p. 7*.

27       Finally, in the Joint Report, in response to Plaintiffs' argument that

28   "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it

is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.    **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of findings arising from internal audits) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own financial structure and controls* (as is relevant to a force majeure defense).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

Further, Fitness & Sports Clubs' objection that this Request is "harassing"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 19–20). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.   Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of the "Findings YOU made as a result of internal audits conducted by YOUR independent accountants for the last three (3) years," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it makes for each request or interrogatory, based on material misstatements and omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Tenant gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### E.   Request for Production to Fitness & Sports Clubs No. 11

#### 1.   RFP No. 11:

YOUR audited FINANCIAL STATEMENTS for the last three (3) years.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## 2.    Fitness & Sports Clubs' Amended Response to RFP No. 11:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.  **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of financial statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 20). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of "YOUR audited FINANCIAL STATEMENTS for the last three (3) years," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

makes for each request or interrogatory, based on material misstatements and omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Tenant's gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### F.   Request for Production to Fitness & Sports Clubs No. 12

#### 1.   RFP No. 12:

YOUR unaudited FINANCIAL STATEMENTS for the last three (3) years.

#### 2.   Fitness & Sports Clubs' Amended Response to RFP No. 12:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections.

### 3.  **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of financial statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 20–21). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.  **Defendants' Position**

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. Plaintiffs do not even bother to provide any authority for allowing such broad and sweeping discovery of "YOUR unaudited FINANCIAL STATEMENTS for the last three (3) years," because there is none. Plaintiffs merely repeat the same arguments and cite the same case about "impossibility" that is not applicable, no matter what the interrogatory or request is, arguments that have absolutely no merit.

Similarly, Plaintiffs' argument about the objections, the same argument it makes for each request or interrogatory, based on material misstatements and omissions about the actual objections, fail. Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Tenant gave a full four paragraph long detailed explanation of the reasons for the objections. No more is required and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

**G.    Request for Production to Fitness & Sports Clubs No. 13**

      **1.    RFP No. 13:**

YOUR articles of organization.

      **2.    Fitness & Sports Clubs' Amended Response to RFP No. 13:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant objects to this Request as vague and ambiguous as to what it meant by "articles of organization." Answering Defendant further objects to this Request to the extent it is overbroad and unduly burdensome, including because it seeks the production of documents that are immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

and that do not relate to the legal elements of the parties' claims or defenses. There is no claim or defense in the action that relates to or concerns Answering Defendant's organization as a legal entity. It is undisputed that Answering Defendant is a limited liability company.

Without waiver of the foregoing objections, Answering Defendant responds as follows. The articles of organization, if any, of Answering Defendant in Answering Defendant's possession, custody or control in response to this request are being withheld on the basis of the above objections.

Without waiver of the foregoing objections, Answering Defendant responds as follows. The articles of organization, if any, of Answering Defendant in Answering Defendant's possession, custody or control in response to this request are being withheld on the basis of the above objections.

### 3.    <u>Plaintiffs' Position</u>

First, the term "articles of organization" is not vague. Fitness & Sports Clubs is a Delaware limited liability company and, thus, is required to prepare "articles of organization" (or, as otherwise known in Delaware, a "certificate of formation"). Del. Code Ann. tit. 6, § 18-101. This is the plain meaning of the term.

Second, for the reasons described in Plaintiffs' introduction, Fitness & Sports Clubs' articles of organization provides important information regarding the organizational and financial structure of Fitness & Sports Clubs, which are directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, it is puzzling how producing an "articles of organization" would be unduly burdensome or overbroad. Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    <u>Defendants' Position</u>

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible.

Far from "boilerplate" objections, as baselessly argued by Plaintiffs, Tenant gave a detailed explanation of the reasons for the objection to the request for Tenant's articles of organization: "There is no claim or defense in the action that relates to or concerns Answering Defendant's organization as a legal entity. It is undisputed that Answering Defendant is a limited liability company."

Plaintiffs intentionally miss the mark when arguing that it is "puzzling" why producing "articles of organization" is unduly burdensome or overbroad. The request is overbroad and unduly burdensome because Tenant should not have to respond to discovery for documents that have no relevance to the action, are immaterial to any claim or defense, and will not lead to the discovery of admissible evidence. The purpose of discovery is not to allow Plaintiffs a fishing expedition, rather the discovery sought must be relevant and proportional to the needs of the case. This is not. *See Mailhoit* v. Home Depot U.S.A., 2012 WL 12884129, at *2 (C.D. Cal. Sept. 4, 2012) ("Where discovery requests seek information which bears no relationship to the subject matter of the complaint, courts appropriately deny enforcement."). Plaintiffs, other than arguing they want it, have not, and cannot,

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

provide a good faith reason this discovery should be had. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### H. Request for Production to Fitness & Sports Clubs No. 14

#### 1. RFP No. 15:

YOUR operating agreement.

#### 2. Fitness & Sports Clubs' Amended Response to RFP No. 14:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant objects to this Request as vague and ambiguous as to what it meant by "operating agreement." Answering Defendant further objects to this Request to the extent it is overbroad and unduly burdensome, including because it seeks the production of documents that are immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that do not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action. There is no claim or defense in the action that relates to or concerns Answering Defendant's operating agreement.

Without waiver of the foregoing objections, Answering Defendant responds as follows. The operating agreement, if any, of Answering Defendant in Answering Defendant's possession, custody, or control in response to this request is being withheld on the basis of the above objections.

#### 3. Plaintiffs' Position

First, the term "operating agreement" is not vague. Fitness & Sports Clubs is a Delaware limited liability company and, thus, is required to have an "operating agreement." Del. Code Ann. tit. 6, § 18-101. This is the plain meaning of the term.

Second, for the reasons described in Plaintiffs' introduction, Fitness & Sports

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Clubs' operating agreement provides important information regarding the organizational and financial structure of Fitness & Sports Clubs, which are directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Finally, Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, it is puzzling how producing an "operating agreement" would be unduly burdensome or overbroad. Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    **Defendants' Position**

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. Similarly, there is no basis for allowing discovery of Tenant's "operating agreement," including because Guarantor's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

I.      **Request for Production to Fitness & Sports Clubs No. 15**

1.      **RFP No. 15:**

YOUR federal, state, local, AND foreign tax returns for the latest closed year AND ALL open years.

2.      **Fitness & Sports Clubs' Amended Response to RFP No. 15:**

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### 3.    <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of tax returns) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 22). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 2.    **Defendants' Position**

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. Plaintiffs seek Tenant's tax returns but provide no reason other than the knowingly false and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

misleading one discussed above for obtaining them. Further, "California law affords a very strong privilege from discovery for tax returns." *Dabeervision, Inc. v. C&A Marketing, Inc.*, 2019 WL 7166982, at *7 (C.D. Cal. May 17, 2019) (noting in a diversity action, state law governs privilege issues). The tax return privilege "is waived or does not apply in three situations: (1) there is an intentional relinquishment, (2) the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived, or (3) a public policy greater than that of confidentiality of tax returns is involved." *Id.* (citations omitted). None of these situations apply here and Plaintiffs do not argue otherwise.

Tenant's objections based on relevancy, materiality, and time period were proper and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### J.    Request for Production to Fitness & Sports Clubs No. 16

#### 1.    RFP No. 16:

ALL Internal Revenue Service, state, AND ANY other tax audit reports received within the past three (3) years.

#### 2.    Fitness & Sports Clubs' Amended Response to RFP No. 16:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.     Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of tax audit reports) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

without elaboration is impermissible boilerplate. *Id.*

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 22–23). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4. Defendants' Position

Defendants' Position with respect to RFP No. 15 is incorporated by reference. Plaintiffs have no right to discovery of Tenant's tax audit reports for the last three (3) years, if any, and have provided no basis for compelling Tenant to produce them.

### K. Request for Production to Fitness & Sports Clubs No. 19

#### 1. RFP No. 19:

YOUR internal budgets for the past three (3) years.

#### 2. Fitness & Sports Clubs' Amended Response to RFP No. 19:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14*.

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3. <u>Plaintiffs' Position</u>

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of internal budgets) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own budget* (as is relevant to a force majeure defense).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted);

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1  (**Exhibit 7** at 23). Plaintiffs proposed at the meet and confer that the requested

2  documents be provided.

### 4.    Defendants' Position

4    Defendants' Preliminary Statement and its positions stated above are

5  incorporated by reference. This request is based upon the same knowingly false

6  premise as the other discovery requests and it is improper for the same reasons set

7  forth above. No defense based on lack of funds has been asserted. The impossibility

8  of performance defense is not based on financial ability to pay rent.

9    As such, no discovery concerning Tenant's financial information is

10  permissible. The dispute at issue in this action over the Leases is for a discrete

11  several month period of time in 2020. There is no basis for allowing discovery of

12  Tenant's "internal budgets for the last three (3) years," including for the reasons

13  discussed above and because Tenant's internal operations have no relevance to this

14  dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th

15  Cir.2005) ("Relevant information for purposes of discovery is information

16  'reasonably calculated to lead to the discovery of admissible evidence.'").

17    Tenant did not assert "boilerplate" objections but provided four full

18  paragraphs explaining the objections. Such objections are proper and Plaintiffs have

19  not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL

20  6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the

21  burden of demonstrating…why the responding party's objections lack merit.").

22  **L.    Request for Production to Fitness & Sports Clubs No. 18**

23    **1.    RFP No. 18:**

24    YOUR accounts receivable aging reports OR statements for the past three (3)

25  years.

26    **2.    Fitness & Sports Clubs' Amended Response to RFP No. 18:**

27    Objection. Answering Defendant incorporates by reference its General

28  Objections and Objections to Definitions and Instructions. Answering Defendant

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.    Plaintiffs' Position

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of accounts receivable aging reports or statements) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own monetary obligations* (as is relevant to a force majeure defense).

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 24–25). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. There is no basis for allowing discovery of Tenant's "accounts receivable aging reports OR statements for the past three (3) years," including for the reasons discussed above and because Tenant's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1    Tenant did not assert "boilerplate" objections but provided four full

2    paragraphs explaining the objections. Such objections are proper, and Plaintiffs have

3    not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL

4    6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the

5    burden of demonstrating…why the responding party's objections lack merit.").

6    **M.    Request for Production to Fitness & Sports Clubs No. 19**

7         **1.    RFP No. 19:**

8    YOUR accounts payable aging reports OR statements for the past three (3)

9    years.

10        **2.    Fitness & Sports Clubs' Amended Response to RFP No. 19:**

11   Objection. Answering Defendant incorporates by reference its General

12   Objections and Objections to Definitions and Instructions. Answering Defendant

13   further objects to this Interrogatory to the extent it is overbroad and unduly

14   burdensome and harassing, because, as explained further below, it: (i) seeks

15   information that is immaterial, irrelevant, and not reasonably calculated to lead to

16   the discovery of admissible evidence and not proportional to the needs of the case

17   and that does not relate to the legal elements of the parties' claims or defenses, (ii)

18   contains express or implied assumptions of fact or law concerning matters at issue

19   in this action, and (iii) seeks the production of documents for an unreasonable or

20   irrelevant period of time.

21   Answering Defendant, the guarantor of the commercial leases at issue in the

22   action, has not asserted, and will not assert, inability to meet its monetary obligations

23   as a defense to the claims asserted in this action. Answering Defendant has not yet

24   filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of

25   the FAC. The motion to dismiss now has been decided and Answering Defendant

26   will timely file its an answer, affirmative defenses, and counterclaim to the FAC.

27   Notwithstanding the above, Answering Defendant has made clear in its filings to

28   date that it will not assert a defense based upon financial inability to pay rent. As set

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. <u>No defense based on lack of funds has been asserted</u>." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7*.

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1    frustration of purpose." *Joint Report, pp. 13, 14*.

2         Without waiver of the foregoing objections, Answering Defendant responds

3    as follows. All responsive documents are being withheld on the basis of the above

4    objections

5              **3.       Plaintiffs' Position**

6         For the reasons described in Plaintiffs' introduction, Defendants' financial

7    information (in the form of accounts payable aging reports or statements) is directly

8    relevant to Defendants' statement that payment of rent was "impossible,"

9    Defendants' impossibility affirmative defense, and Defendants' claim that the

10   leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296

11   S.W.3d at 451 (considering a party's other mortgage payments to determine whether

12   payment of her mortgage was actually impossible). Further, this information is

13   relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an

14   event outside of its control *or its own monetary obligations* (as is relevant to a force

15   majeure defense).

16        Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and

17   "overbroad" are nothing more than impermissible boilerplate objections. *See*

18   *Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly

19   burdensome and harassing' are improper—especially when a party fails to submit

20   any evidentiary declarations supporting such objections."). Similarly, a claim that

21   the Request seeks documents from an "unreasonable or irrelevant period of time"

22   without elaboration is impermissible boilerplate. *Id.*

23        Further, Fitness & Sports Clubs' objection that this Request is "harassing"

24   was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim

25   that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted);

26   (**Exhibit 7** at 24–25). Plaintiffs proposed at the meet and confer that the requested

27   documents be provided.

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### 4.      Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. There is no basis for allowing discovery of Tenant's "accounts payable aging reports OR statements for the past three (3) years," including for the reasons discussed above and because Tenant's internal operations have no relevance to this dispute. *See Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Tenant did not assert "boilerplate" objections but provided four full paragraphs explaining the objections. Such objections are proper, and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

### N.      Request for Production to Fitness & Sports Clubs No. 20

#### 1.      RFP No. 20:

YOUR policies governing investment portfolios, depreciation, AND/OR amortization.

#### 2.      Fitness & Sports Clubs' Amended Response to RFP No. 20:

Objection. Answering Defendant incorporates by reference its General Objections and Objections to Definitions and Instructions. Answering Defendant further objects to this Interrogatory to the extent it is overbroad and unduly burdensome and harassing, because, as explained further below, it: (i) seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the discovery of admissible evidence and not proportional to the needs of the case and that does not relate to the legal elements of the parties' claims or defenses, (ii) contains express or implied assumptions of fact or law concerning matters at issue in this action, and (iii) seeks the production of documents for an unreasonable or irrelevant period of time.

Answering Defendant, the guarantor of the commercial leases at issue in the action, has not asserted, and will not assert, inability to meet its monetary obligations as a defense to the claims asserted in this action. Answering Defendant has not yet filed its answer to the FAC due to the filing of the motion to dismiss Counts I-V of the FAC. The motion to dismiss now has been decided and Answering Defendant will timely file its an answer, affirmative defenses, and counterclaim to the FAC. Notwithstanding the above, Answering Defendant has made clear in its filings to date that it will not assert a defense based upon financial inability to pay rent. As set forth in the Joint Rule 26 Report of Counsel ("Joint Report"), "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted." *Joint Report, p. 11* (emphasis added).

As further set forth in the Joint Report: "while Plaintiffs admit that the terms of the leases are different. . .Plaintiffs ignore the express terms of the individual leases that Store SPE [as landlord] violated by, among other things, failing to deliver the leased premises to Tenant for its use and enjoyment each month as required by the individual leases, and further ignore the facts and circumstances of the COVID-19 Pandemic, including that as a result of the closures due to the COVID-19 Pandemic, Store SPE was unable and/or unwilling to perform under the parties' leases." *Joint Report, p. 6*.

As Answering Defendant further states in the Joint Report, "[w]ith respect to the claims asserted in the FAC relating to the Edge O Lake, Wellington, and Blake James [leases], the key issues are. . .(ii) whether as to each lease, Store SPE breached the lease, entitling Tenant to damages, and (iii) whether, as to each lease and in the

circumstances and as a result of the closures due to COVID-19, common law principles of impossibility of performance, impracticability and frustration of purpose apply, defeat Store SPE's claims, and entitle [Answering Defendant] to damages." *Joint Report, p. 7.*

Finally, in the Joint Report, in response to Plaintiffs' argument that "Defendants cite 'impossibility' as a defense to their payment of rent; obviously, it is 'impossible' to pay rent only if Defendants have no financial ability to pay rent," Answering Defendant again states: "Plaintiffs are not entitled to the discovery of Defendants' financial information. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. . .The claims relating to the Wellington, Blake James and Edge O Lake leases will involve not only an interpretation of the individual leases, but also the application of the common law principles of impossibility, impracticability and frustration of purpose." *Joint Report, pp. 13, 14.*

Without waiver of the foregoing objections, Answering Defendant responds as follows. All responsive documents are being withheld on the basis of the above objections

### 3.   **Plaintiffs' Position**

For the reasons described in Plaintiffs' introduction, Defendants' financial information (in the form of policies governing investment portfolios, depreciation and/or amortization) is directly relevant to Defendants' statement that payment of rent was "impossible," Defendants' impossibility affirmative defense, and Defendants' claim that the leases' force majeure clause permitted them not to perform. *See, e.g.*, *Crowder*, 296 S.W.3d at 451 (considering a party's other mortgage payments to determine whether payment of her mortgage was actually impossible). Further, this information is relevant to whether Defendants' inability to perform (i.e., pay rent) resulted from an event outside of its control *or its own financial policies* (as is relevant to a force majeure defense).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Fitness & Sports Clubs' unadorned objections of "unduly burdensome" and "overbroad" are nothing more than impermissible boilerplate objections. *See Garber*, 234 F.R.D. at 188 ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). Similarly, a claim that the Request seeks documents from an "unreasonable or irrelevant period of time" without elaboration is impermissible boilerplate. *Id.*

Further, Fitness & Sports Clubs' objection that this Request is "harassing" was not raised in its initial answer, and Fitness & Sports Clubs cannot now claim that as an objection. *See Richmark Corp.*, 959 F.2d at 1473 (citation omitted); (**Exhibit 7** at 25). Plaintiffs proposed at the meet and confer that the requested documents be provided.

### 4.    Defendants' Position

Defendants' Preliminary Statement and its positions stated above are incorporated by reference. This request is based upon the same knowingly false premise as the other discovery requests and it is improper for the same reasons set forth above. No defense based on lack of funds has been asserted. The impossibility of performance defense is not based on financial ability to pay rent. As such, no discovery concerning Tenant's financial information is permissible. There is no basis for allowing discovery of Tenant's "policies governing investment portfolios, depreciation, AND/OR amortization" including for the reasons discussed above and because Tenant's internal operations have no relevance to this dispute. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'").

Tenant did not assert "boilerplate" objections but provided four full paragraphs explaining the objections. Such objections are proper, and Plaintiffs have not shown otherwise. *See Bluestone Innovations LLC v. LG Elecs. Inc.*, 2013 WL

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("The party moving to compel bears the burden of demonstrating…why the responding party's objections lack merit.").

DATED this 11th day of November, 2020

**BALLARD SPAHR LLP**

By: */s/ Mitchell L. Turbenson*
  Craig S. Ganz
  Mitchell L. Turbenson
  2029 Century Park East, Suite 1400
  Los Angeles, CA 90067-2915
  *Attorneys for Plaintiffs*

**FREEMAN, FREEMAN & SMILEY, LLP**

By: */s/ Dawn B. Eyerly (with permission)*
  Dawn B. Eyerly
  1888 Century Park East, Suite 1500
  Los Angeles, CA 90067

**KLEHR HARRISON HARVEY BRANZBURG LLP**

  A. Grant Phelan
  Mary Ellen O'Laughlin
  1835 Market Street, Suite 1400
  Philadelphia, PA 19103
  *Attorneys for Defendants*

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED this 11th day of November, 2020.

**BALLARD SPAHR LLP**

By: */s/ Mitchell L. Turbenson*
  Craig S. Ganz
  Mitchell L. Turbenson
  2029 Century Park East, Suite 800
  Los Angeles, CA 90067-2909
  *Attorneys for Plaintiffs*