1  Craig S. Ganz (217254)
   ganzc@ballardspahr.com
2  Mitchell L. Turbenson
   (admitted *pro hac vice*)
3  turbensonm@ballardspahr.com
   BALLARD SPAHR LLP
4  2029 Century Park East, Suite 1400
   Los Angeles, CA 90067-2915
5  Telephone:  424.204.4400
   Facsimile:   424.204.4350
6  *Attorneys for Plaintiffs*

7              THE UNITED STATES DISTRICT COURT

8           FOR THE CENTRAL DISTRICT OF CALIFORNIA

9   STORE SPE LA FITNESS 2013-7, LLC
    and STORE MASTER FUNDING V,           NO.  8:20-CV-00953-JVS (ADS)
10  LLC,
                                          (Hon. James V. Selna)
11              Plaintiffs,
                                          **PLAINTIFF STORE MASTER**
12      vs.                               **FUNDING V, LLC'S TRIAL BRIEF**

13  FITNESS INTERNATIONAL, LLC and        Judge:       Hon. James V. Selna
    FITNESS & SPORTS CLUBS, LLC,          Trial:       December 1, 2021
14                                        Courtroom:   10C
                Defendants.
15                                        Action Filed:  May 22, 2020

16

17

18

19

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1

# **TABLE OF CONTENTS**

2

**Page**

3  I.   The Court Has Already Determined Defendants Owe Some Amount
     of Damages. ..................................................................................................1

4

5  II.  Defendants' Arguments Regarding the Measure of Damages Blatantly
     Ignore Mandatory Kentucky Supreme Court and Kentucky Court of
     Appeals Authority. .......................................................................................3

6

7        A.   Defendants' Arguments that Restoration Costs Are Not
             Appropriate Measures of Damages Are Unsupported by
             Kentucky Law. ...................................................................................3

8

9        B.   Defendants' Claims that Based on "Personal Property" Cases Is
             Wildly Misguided. .............................................................................5

10 III. Authority Regarding Admissibility of Various Exhibits ...............................7

11       A.   Exhibit 20: E-mail Exchange between Diann Alexander and
             Angela DeBellis dated September 20, 2019 .........................................7

12

13       B.   Exhibits 102, 103, 104: E-mail Exchanges between Diann
             Alexander and FI's Insurance Adjuster Daniel Pittman ......................9

14       C.   Exhibits 108, 109: E-mail Exchange between Diann Alexander
             and Angela DeBellis .........................................................................10

15

16       D.   Mickey Semegen Testimony and Exhibit 112: Abbreviated
             Inspection Checklist Building Checklist by CBRE ..........................11

17       E.   Exhibits 115–18, 125–35, 141–50, 154–60, 165–74 .........................13

18       F.   Expert Repair Calculations Are Admissible ......................................14

19 IV.  Conclusion .................................................................................................15

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Bourns, Inc. v. Raychem Corp.*,
No. CV 98-1765 CM (MCx), 1999 U.S. Dist. LEXIS 23677,
(C.D. Cal. Dec. 28, 1999) ................................................................... 2, 3

*Cow Bay Sprinkler Corp. v. Houston Cas. Co.*,
No. 19 Civ. 5854 (LDH) (VMS), 2020 U.S. Dist. LEXIS 21707
(E.D.N.Y. Feb. 1, 2020) .......................................................................... 10

*Hammonds v. Yeager*,
No. EDCV 15-1036 SS, 2017 U.S. Dist. LEXIS 225749 (C.D. Cal.
Aug. 8, 2017) ........................................................................................... 11

*Image Tech. Serv., Inc. v. Eastman Kodak Co.*,
903 F.2d 612 (9th Cir. 1990) .................................................................... 2

*Lucero v. Stewart*,
892 F.2d 52 (9th Cir. 1989) ..................................................................... 13

*Neumeyer v. Wawanesa Gen. Ins. Co.*,
No. 14cv181-MMA (RBB), 2015 U.S. Dist. LEXIS 59024 (S.D.
Cal. Apr. 24, 2015) .................................................................................. 12

*Paddack v. Dave Christensen, Inc.*,
745 F.2d 1254 (9th Cir. 1984) ................................................................. 12

*People of the Territory of Guam v. Ojeda*,
758 F.2d 403 (9th Cir. 1985) ................................................................... 13

*R&B Aircraft, Inc. v. ABG Ambulance Servs.*,
949 F.3d 397 (6th Cir. 1991) ............................................................ 5, 6, 7

*Rancho Oil Co. v. United States*,
No. C-3-74-1000-F, 1978 U.S. Dist. LEXIS 14228 (N.D. Tex.
Nov. 22, 1978) ......................................................................................... 12

*Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes,
Inc.*, 516 F. Supp. 2d 841 (W.D. Ky. 2007) ............................................. 1

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*United States v. Barragan*,
   871 F.3d 689 (9th Cir. 2017) ................................................................. 9

*United States v. Lizarraga-Tirado*,
   789 F.3d 1107 (9th Cir. 2015) ............................................................. 13

*Worldwide Equipment Enters., Inc. v. Broad-Nuton LLC*,
   191 F. Supp. 3d 684 (E.D. Ky. 2016) ..................................................... 5

**State Cases**

*Chalk v. Houp*,
   No. 2019-CA-1124-MR, 2021 Ky. App.
   (Ky. Ct. App. Apr. 16, 2021) ......................................................... 4, 5, 6

*Cohen v. Reif*,
   4 S.W.2d 388 (Ky. 1928) .................................................................. 3, 5

*Ellison v. R & B Contr., Inc.*,
   32 S.W.3d 66 (Ky. 2000) ................................................................... 4, 5

*Mountain Water Dist. v. Smith*,
   314 S.W.3d 312 (Ky. Ct. App. 2010) ..................................................... 5

*State Prop. & Bldg. Com. etc. v. H.W. Miller Constr. Co.*,
   384 S.W.2d 211 (Ky. Ct. App. 1964) ............................................. 4, 5, 6

**Rules**

Fed. R. App. P. 32.1 ............................................................................... 5

Fed. R. Civ. P. 32(a)(4) ........................................................................ 10

Fed. R. Evid. 703 ............................................................................ 12, 13

Fed. R. Evid. 801(c)(2) .......................................................................... 9

Fed. R. Evid. 801(d)(2) .......................................................................... 9

Fed. R. Evid. 801(d)(2)(A), (B) ............................................................. 8

Fed. R. Evid. 803(1) ............................................................................ 11

Fed. R. Evid. 803(24) and 807 ............................................................. 11

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Fed. R. Evid. 804(b)(1) .................................................................................. 10

Fed. R. Evid. 901 .......................................................................................... 13

Fed. R. Evid. 902(11) .................................................................................... 11

Rule 3.3(a)(2) ................................................................................................... 6

Rule 45(c)(1)(A) ............................................................................................. 10

Rule 411 ...................................................................................................... 7, 8

Rule 803(6) ..................................................................................................... 11

Rule 803(24) ................................................................................................... 11

Rule 807 .......................................................................................................... 11

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Plaintiff STORE Master Funding V, LLC ("STORE" or "Plaintiff") hereby submits this Trial Brief to respond in-part to the arguments made by Defendants Fitness & Sports Clubs, LLC ("F&S") and Fitness International, LLC ("FI" and, collectively, "Defendants") in various pre-trial filings.  Specifically, this Trial Brief addresses that (1) the Court's Summary Judgment Order (Doc. 76) precludes Defendants from now arguing to a jury that F&S did not breach the Preston Highway Lease ("Lease"); (2) Defendants' arguments regarding the measure of damages are entirely untethered to Kentucky law and invites this Court to completely disregard explicit authority on the topic by the Kentucky Supreme Court; and (3) Defendants' objections to various exhibits are unfounded.[1]

## I.      The Court Has Already Determined Defendants Owe *Some* Amount of Damages.

Most of Defendants' trial brief arguments and at least half of Defendants' expert opinions rely on an assumption that they can now argue to the jury that they owe STORE $0 in damages for the 15 HVAC units vandalized during Defendant Fitness & Sports Clubs, LLC's tenancy.  The Court has already decided the issue and Defendants are attempting to argue for reconsideration before a jury.

The Court recited in its summary judgment Order the legal standard for breach of contract under Kentucky law: "[A] breach of contract claim requires '(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) **damages caused by the breach of contract**.'"  (Doc. 76 at 7 (citing *Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007)) (emphasis added)).  The Court's Order continued "that summary judgment is appropriate on the narrow issue of liability (though not on the issue of amount) regarding the breach of contract as it relates to the maintenance of the Preston Highway Property" and that "the Court is only

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

---

[1] Plaintiff does not intend to present an exhaustive rebuttal to Defendants' numerous objections reflected in the Joint Exhibit List and will provide further rebuttals during trial.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

granting[] summary judgment as to the narrow issue of whether Fitness & Sports (and Fitness International by virtue of its guaranty) breached Preston Highway Lease § 3 **by failing to repair or compensate** Plaintiffs for the 15 HVAC units that were vandalized during Fitness & Sports's tenancy." (Doc. 76 at 10 (emphasis added)). In so ruling, the Court noted that the HVAC units were "destroyed," that "Fitness International received a payment from an insurance claim for the 15 HVAC units" and "Neither Fitness & Sports nor Fitness International has compensated STORE for the damage or replaced the HVAC units." (Doc. 76 at 10–11). The Court could not have made a finding of breach if there were no damages and if there were no damages (as Defendants now plan to argue), there would be nothing to compensate STORE and the Court's findings on that point would be irrelevant.

Defendants did not argue at summary judgment that there was $0 in damage and should not now be permitted to do so at this juncture. To the contrary, they are limited to arguing that damages are some amount *greater than $0*. *See Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 903 F.2d 612, 615 n.1 (9th Cir. 1990) (issue waived when party fails to raise issue in response to summary judgment motion). While Defendants argue the Court's Order did not decide whether STORE suffered any damages because the Court stated it was not deciding "the issue of amount," (Doc. 103 at 15), that *supports* STORE's plain reading of the Order. For example, courts often bifurcate the question of liability from the question of damages and when they do so (and the first jury finds a defendant liable), courts bar testimony that a plaintiff *was not* damaged during the second trial. This is reflected in *Bourns, Inc. v. Raychem Corp.*, in which the district court recognized following a trial on liability that "the sole issue remaining as to Bourns' complaint **is the amount of damages**, not the fact of damages." No. CV 98-1765 CM (MCx), 1999 U.S. Dist. LEXIS 23677, at *4 (C.D. Cal. Dec. 28, 1999) (emphasis added). The *Bourns* court ruled that the defendant "can argue that Bourns has failed to prove an amount of damages, but per the Court's Order cannot argue that damages do not exist." *Id.* at

*6.  In other words, the defendant could argue for nominal damages but not "no damages."  *Id.* at *5–6.

In short, the Court should reject Defendants attempt to waste the Court's and jury's time by arguing it now has *not* breached the Lease because it owes no damages—that issue has been resolved and the only issue is exactly how much the Defendants owe.

## II.   Defendants' Arguments Regarding the Measure of Damages Blatantly Ignore Mandatory Kentucky Supreme Court and Kentucky Court of Appeals Authority.

### A.   Defendants' Arguments that Restoration Costs Are Not Appropriate Measures of Damages Are Unsupported by Kentucky Law.

Defendants contend that evidence STORE will present about the costs to replace the HVAC units (which *Defendants'* expert acknowledges is beyond repair), the roof (which *Defendants* agree is beyond repair), and the sump pump (which *Defendants* agree is beyond repair) provides an inappropriate measure of damages and that, instead, STORE must provide evidence of a diminution in fair market value.  (Doc. 103 at 6–9).  Defendants grossly misstate Kentucky law and their flawed analysis walks a fine line between an untenable argument, and a complete lack of candor with this Court.

First, in an analogous case, *Cohen v. Reif*, 4 S.W.2d 388 (Ky. 1928), the Kentucky Supreme Court dealt with a similar situation as the present case in which the landlord sued tenant for failing to return a property in good condition, ordinary wear and tear excepted.  *Id.* at 390 ("Such an action was not one for waste, but an action for a breach of the agreement to surrender the premises in as good order as received or thereafter put by the lessor, ordinary wear and tear excepted.").  The Supreme Court reviewed the jury's verdict, noting that tenants (lessees) "were responsible for [] restoration" of various items that had been damaged during the tenancy, including the switchboard and boiler.  *Id.* at 391.  Notably, *Cohen* did not

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

require (as Defendants seek the Court to hold) that the landlord provide a value for items (such as the switchboard, boiler, or even clean walls) prior to their damage but, instead, looked to the *cost of restoring* of the building to good condition. *Id.* at 390–91 (affirming verdict as to $1,000 cleaning costs because "[i]t was the duty of the lessees to return the walls in a clean condition").

Defendants fail to inform this Court that the measure of damages theory from *Cohen* was restated by the Kentucky Supreme Court in *Ellison v. R & B Contr., Inc.*, 32 S.W.3d 66, 74 (Ky. 2000). In *Ellison*, the Supreme Court was presented with ***the same argument*** Defendants now make—that a plaintiff seeking restoration costs damages must introduce evidence of diminution in fair market value. *Id.* at 74. The Supreme Court flatly rejected that argument, holding "a plaintiff seeking restoration cost damages in an injury-to-property case **need not introduce evidence of a diminution in the fair market value of the property in order to state a prima facie case and overcome a motion for directed verdict because reasonable inferences may be drawn from evidence of restoration costs**." *Id.* (emphasis added). The Supreme Court explained that Kentucky law presumes that the cost to restore a property are equal to the diminution of value where no diminution of value evidence is presented. *Id.*; *see State Prop. & Bldg. Com. etc. v. H.W. Miller Constr. Co.*, 384 S.W.2d 211, 214 (Ky. Ct. App. 1964) ("In the absence of evidence to the contrary it would ordinarily be presumed (and our decisions have tacitly recognized this) that as between a willing seller and a willing buyer of a new building known to be in need of certain repair work the anticipated cost of the remedial work would reduce the price by an equivalent amount. **So, unless there is evidence to inject it, the question of market value need not be considered** . . . ." (emphasis added)).

Also lacking in Defendants' briefing on this issue is that the Kentucky Court of Appeals has followed the *Ellison* restoration cost measure of damages theory as recently as April 2021. *See Chalk v. Houp*, No. 2019-CA-1124-MR, 2021 Ky. App. Unpub. LEXIS 213, at *8 (Ky. Ct. App. Apr. 16, 2021) ("Here, there was no

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

evidence presented by diminution in the fair market value of Chalk's property; therefore, the circuit court was bound by the dictates of *Newsome* to presume that the restoration costs caused an equivalent diminution in the fair market value of Chalk's property.").

None of Defendants' cited cases suggest that the Kentucky Supreme Court has reconsidered *Ellison*—and, in fact, that has not happened.  Rather, both *Worldwide Equipment Enters., Inc. v. Broad-Nuton LLC*, 191 F. Supp. 3d 684, 691 (E.D. Ky. 2016) and *Mountain Water Dist. v. Smith*, 314 S.W.3d 312 (Ky. Ct. App. 2010) ***both explicitly follow Ellison*** and neither case holds that evidence of a diminution of value *must* be presented.

Here, STORE will present the following: (1) evidence showing that replacement of the 15 HVAC units, roof, and sump pump was not only necessary ***but admittedly necessary*** by Defendants—i.e., mere repairs would be insufficient; and (2) expert testimony and direct evidence regarding the costs associated with such replacements.  This measure of damages is expressly appropriate under *Cohen* and *Ellison* and its progeny and also represents STORE's expectation damages from Defendants' admitted failure to return the Preston Highway Property to STORE in good condition, wear and tear excepted.  Because Defendants have not disclosed (at any point in this litigation) that they will present evidence of a diminution of fair market value damages as an alternative to these costs of repair/replacement, the Court is "bound . . . to presume that the restoration costs [are] equivalent" to the diminution in fair market value and need only instruct the jury on restoration costs. *Chalk*, 2021 Ky. App. Unpub. LEXIS 213, at *8; *H.W. Miller*, 384 S.W.2d at 214.

### B.   Defendants' Claims that Based on "Personal Property" Cases Is Wildly Misguided.

Defendants next attempt to convince the Court to depart from mandatory Kentucky precedent based on a case involving ***personal property***, citing *R&B Aircraft*, which involved damage to a private plane.  (Doc. 103 at 9–13 (citing *R&B*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*Aircraft, Inc. v. ABG Ambulance Servs.*, 949 F.3d 397 (6th Cir. 1991)). Defendants cite **no authority** for its assumption that HVAC units and a building's roof represents personal property.

Similarly, *R&B Aircraft* (which, itself, is an unpublished Sixth Circuit Court of Appeals case and not citable under Fed. R. App. P. 32.1) is entirely distinguishable. That case involved a fire causing a "total loss" of an airplane. No. 91-5438, 1991 U.S. App. LEXIS 29344, at *4 (6th Cir. Dec. 5, 1991). As a result, the plaintiff sought (through his testimony alone) what he believed to be the fair market value of the entire airplane. *Id.* at *13–14. The plaintiff provided no testimony regarding the value prior to the loss and value after the loss, which the Court of Appeals held was necessary in the context of "damages for personalty." *Id.* at *14–15. Because the Court held the plaintiff provided "no tangible evidence" as to damages, it affirmed a directed verdict. *Id.* at *15.

Here, unlike the plaintiff in *R&B*, STORE will present evidence of its damages. As reiterated in the prior section, the Kentucky Supreme Court and the Kentucky Court of Appeals have repeatedly held that the cost of restoration is equivalent to the diminution of fair market value.[2] *See State Prop. & Bldg. Com. etc.*, 384 S.W.2d at 214 ("In the absence of evidence to the contrary it would ordinarily be presumed (and our decisions have tacitly recognized this) that as between a willing seller and a willing buyer of a new building known to be in need of certain repair work the anticipated cost of the remedial work would reduce the price by an equivalent amount."); *Chalk*, No. 2019-CA-1124-MR,2021 Ky. App. Unpub. LEXIS 213, at *8 ("Here, there was no evidence presented by diminution in

---

[2] Although Defendants allocate 18+ pages of their Trial Brief to the issue of damages, it is troubling that Defendants failed to present to the Court mandatory and fundamental authority on the issue they so strenuously argue against, despite that case law being cited and exhaustively discussed in the cases upon which they rely. *See* ABA Rule 3.3(a)(2) ("A lawyer shall not knowingly: . . . make a false statement of fact or law to a tribunal . . . ; [or] fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the fair market value of Chalk's property; therefore, the circuit court was bound by the dictates of *Newsome* to presume that the restoration costs caused an equivalent diminution in the fair market value of Chalk's property.").

STORE will present evidence of the costs of restoration of the Property, which the Court must presume is equivalent to the diminution of fair market value in the Property—the measure of damages the plaintiff in *R&B* could not provide.  All parties agree that restoration to the Property requires replacing the roof, HVAC units, and sump pump because each of those items are "beyond repair."  That is all that STORE is required to present under mandatory Kentucky authority and Defendants' arguments to the contrary invite legal error.

Even putting aside the law (which the Court, of course, cannot do despite Defendants' arguments), what Defendants are actually arguing for is a windfall.  As evidence will show, the Preston Highway Lease is a triple-net lease, meaning STORE had no repair obligations during the term of the Lease.  In fact, the Lease states "Landlord shall have no obligation or liability with respect to maintenance of the Leased Premises."  STORE will offer testimony that STORE requested from Defendants its records relating to the HVAC units and roof and no records were provided.  Defendants now are attempting to misconstrue Kentucky law to capitalize on their lack of documentation for items under their exclusive control to avoid *any* damages.  There is a reason Kentucky law does not stand for the proposition that Defendants suggest, and that reason is evident in this case.

## III.   Authority Regarding Admissibility of Various Exhibits

### A.   Exhibit 20: E-mail Exchange between Diann Alexander and Angela DeBellis dated September 20, 2019

Exhibit 20 is an excerpt of an e-mail sent by Defendants' Director of Lease Administration Diann Alexander to STORE's Manager Lease Administration Angela DeBellis that attaches a Sworn Statement in Partial Proof of Loss, which includes Ms. Alexander's notarized signature.  Ms. Alexander sends this e-mail to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ms. DeBellis in response to Ms. DeBellis's question "can you please share the insurance documentation regarding the vandalism claim and payment?"

Defendants object on the grounds of Foundation, Relevance, Prejudicial (Re: Insurance), Reliability[3], Prejudice, and Hearsay. Defendants' objections are unfounded. First, with regard to insurance, Rule 411 provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411. The Court has already held F&S breached the Lease and FI is liable by virtue of the Guaranty Agreement and, thus, these insurance documents completed by FI and related to the 15 HVAC units cannot constitute an impermissible purpose under Rule 411.

Second, the Court should overrule Defendants' objections on relevance grounds. Defendants are claiming in this case that they owe *no damages*, so FI's receipt of $40,000.00 and claim that the units had a $151,432.91 value just two years before the end of the Lease term significantly undermines that argument. Moreover, even if the Court finds that its Summary Judgment Order precludes Defendants from arguing they owe no damages for the 15 RTU units, Exhibit 20 is clearly still relevant as to amount.

Third, Exhibit 20 is not hearsay. The insurance documents are signed (by witness of a notary) by Diann Alexander and Ms. Alexander forwards those documents to STORE, thus making the documents admissions or (at the very least) adoptive admissions by an opposing party. *See* Fed. R. Evid. 801(d)(2)(A), (B).

Finally, Defendants' Trial Brief raises a stunning argument. Defendants state that they plan to argue that Exhibit 20 is unreliable because an "insurance contract" that Defendants *did not produce* is necessary to understand it. (Doc. 103 at 20).

---

[3] Defendants repeatedly raise "reliability" as an objection but have articulated no basis for that objection.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1  During discovery, Defendants agreed to produce:

2      ALL DOCUMENTS AND COMMUNICATIONS RELATING to the
       damage AND/OR vandalism to the PRESTON HIGHWAY real
3      property AND its permanent fixtures, including, but not limited to,
       Heating, Ventilation, AND Air Conditioning Units, lighting, sump
4      pumps, doors, roof, windows, AND parking lots.

5  (**Exhibit 1** at 15).  In response, Defendants produced the Sworn Statement of Partial

6  Proof of Loss, however no other insurance documentation was ever mentioned by

7  Defendants until they filed their Trial Brief, by which they argue this previously

8  unknown insurance documentation is necessary to understand the Sworn Statement

9  of Partial Proof of Loss.  (Doc. 103 at 20).  In response to this assertion, Plaintiff has

10  demanded Defendants immediately produce this documentation.  Defendants cannot

11  be permitted to withhold requested documentation and then argue to the Court or

12  jury at trial that Plaintiff cannot present its case without that documentation.

13      Regardless, Plaintiff believes the Sworn Statement of Partial Proof of Loss

14  speaks for itself, and Defendants have not stated what further context the unknown

15  insurance documentation would provide.  Thus, Exhibit 20 is relevant, reliable, and

16  should be permitted to be admitted at trial.

17  ## B.    Exhibits 102, 103, 104: E-mail Exchanges between Diann
        Alexander and FI's Insurance Adjuster Daniel Pittman
18

19      The next set of exhibits relates to communications between Diann Alexander

20  and FI's insurance adjuster Daniel Pittman relating to the vandalism.  The purpose

21  of these e-mails is to generally show that Defendants' argument that they are not

22  required to replace the HVAC units is in direct contrast to its prior positions.  For

23  example, in one of these e-mails dated November 1, 2017, Diann Alexander states

24  "we will not replace [the HVAC units] until the lease expires."

25      Defendants object on grounds of Foundation, Relevance, Prejudicial (re:

26  Insurance), and Hearsay.  Objections on insurance and the other bases has been

27  address with regard to Exhibit 20.  With regard to Defendants' hearsay objection,

28  the statements of Daniel Pittman merely provide context for Ms. Alexander's

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

statements and, thus, are not hearsay.  *See United States v. Barragan*, 871 F.3d 689, 705 (9th Cir. 2017) ("[T]he informant's statements on the tapes were not hearsay because, as the court instructed the jury, they were offered only for context, not for 'the truth of the matter asserted.'" (quoting Fed. R. Evid. 801(c)(2))).  Further, even if considered for their truth, a statement by an opposing party's insurance adjuster is admissible under Fed. R. Evid. 801(d)(2).  *See, e.g.*, *Cow Bay Sprinkler Corp. v. Houston Cas. Co.*, No. 19 Civ. 5854 (LDH) (VMS), 2020 U.S. Dist. LEXIS 21707, at \*19–20 (E.D.N.Y. Feb. 1, 2020) ("The liability notice and Seneca Claim Letter, offered by Defendant, may be properly considered, <u>inter alia</u>, as an opposing party's statement under Fed. R. Evid. 801(d)(2) because the liability notice was a statement made by Plaintiff's agent, its insurance broker, on a matter within the scope of its relationship with Plaintiff, <u>i.e.</u>, claims submission for insurance coverage.  Fed. R. Evid. 801(d)(2)(D)).

### C.    Exhibits 108, 109: E-mail Exchange between Diann Alexander and Angela DeBellis

Exhibits 108 and 109 are an e-mail and attachment to that e-mail from Diann Alexander to STORE's employee, Angela DeBellis dated August 17, 2018.  In this e-mail, Ms. Alexander discloses to STORE that FI obtained a repair estimate for the 15 HVAC units for $151,433 (the amount in the attachment is $151,432.91) and that FI received "about $41k in insurance proceeds."  The purpose of these e-mails is to show Defendants obtained a quote for replacement of the 15 HVAC units and that the "estimate to repair," (as Ms. Alexander states) is $151,433.  This is in direct contrast to Defendants' new position that they are not required to spend any money to repair the 15 HVAC units.  Further, STORE's experts relied on the October 2017 quote to repair the 15 HVAC units.  These estimates reflect that a repair entails more than simply replacing the units (and, thus, any argument from Defendants' expert that damages are $0 is nonsensical).  Finally, Exhibit 108 contains a statement from Ms. Alexander that "Tenant has filed an insurance claim, but no, the units have not

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

been replaced yet. Tenant is holding the funds and will make the repairs right before we surrender in December of 2019, or we can give Landlord the insurance proceeds at that time to make the repairs if Landlord prefers."

Defendants object on the grounds of incompleteness, relevance, prejudicial, hearsay, reliability, foundation, and misleading and/or confusing to the jury.  First, STORE intends to use Exhibits 108 and 109 jointly, so there is no incompleteness. Second, these exhibits are highly relevant given they are admissions *by Defendants* that are directly opposite to the position they will present at trial.  Finally, as to the hearsay objection, the HVAC quote (Exhibit 109) is adopted by Ms. Alexander, who uses the exact number provided in the quote for the Sworn Statement of Partial Proof of Loss (Exhibit 20).  Also, any statements by Ms. DeBellis serve merely to lay context for Ms. Alexander's admissions and, thus, the Exhibits are not being offered for the truth of Ms. DeBellis's statements.

### D.    Mickey Semegen Testimony and Exhibit 112: Abbreviated Inspection Checklist Building Checklist by CBRE

STORE planned to call CBRE employee Mickey Semegen as a witness but after filing its witness list (Doc. 91), STORE learned from CBRE's counsel that Ms. Semegen was no longer employed by CBRE and declined to testify in her personal capacity.  (*See* **Exhibit 2**).  Ms. Semegen also lives in Kentucky and, thus, is beyond the Court's subpoena power under Rule 45(c)(1)(A).  Thus, STORE has designated portions of a deposition transcript noticed by Defendants of Ms. Semegen and introduce those excerpts under the former testimony rule (Fed. R. Evid. 804(b)(1)). *See Hammonds v. Yeager*, No. EDCV 15-1036 SS, 2017 U.S. Dist. LEXIS 225749, at *11–12 (C.D. Cal. Aug. 8, 2017) ("One of the many definitions of 'unavailability' offered by the Rule is when 'the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.'" (citing Fed. R. Civ. P. 32(a)(4))).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ms. Semegen's testimony will lay foundation for an inspection report of the Preston Highway Property (Exhibit 112) containing Ms. Semegen's contemporaneous notes and photos from December 20, 2019 (the date Defendants surrendered the keys to the Property). Exhibit 112 is highly relevant because it reflects observations and photos of the Property on the date that F&S surrendered the Property and are key to showing the jury the state of the Property on the last few days of F&S's tenancy. Exhibit 112 will also show that the Property has been in substantially the same condition between December 2019 and when the parties' experts inspected the Property.

Defendants have objected to Exhibit 112 on the grounds of hearsay, foundation, reliability, hearsay, and relevance.

First, Ms. Semegen's testimony and a certification under Fed. R. Evid. 902(11) will establish that the report is a business record under Rule 803(6). (*See* **Exhibit 3**).

Second, given Ms. Semegen's testimony will discuss compiling the report from contemporaneous notes, the report constitutes a collection of present sense impressions under Fed. R. Evid. 803(1). *See Neumeyer v. Wawanesa Gen. Ins. Co.*, No. 14cv181-MMA (RBB), 2015 U.S. Dist. LEXIS 59024, at *14 (S.D. Cal. Apr. 24, 2015) ("Notes taken during meetings are admissible as present sense impressions . . . .").

Third, the report is admissible under Fed. R. Evid. 803(24) and 807. For example, in *Rancho Oil Co. v. United States*, the district court admitted an appraisal report under Rule 803(24) and the predecessor of Rule 807—Rule 804(b)(5)—given the appraisal was "made at or near the time for which the market value of the subject property is relevant in this case," "was made by a person who had ample personal knowledge of the facts upon which to base an opinion as to the value of the property," "it was the customary practice of plaintiff to obtain appraisals of real estate in conjunction with the transfer or exchange of real property," and "there is

nothing to indicate that the appraisal in any way lacked trustworthiness," among other reasons.  No. C-3-74-1000-F, 1978 U.S. Dist. LEXIS 14228, at *9–11 (N.D. Tex. Nov. 22, 1978).

Finally, even if Exhibit 112 is not admitted into evidence, it should nonetheless be shown to the jury under Fed. R. Evid. 703.  *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261–62 (9th Cir. 1984) (holding that if information relied on by an expert is not independently admissible, it may be admitted to help explain the expert's opinion but not to establish the truth of what it asserts).

### E.     Exhibits 115–18, 125–35, 141–50, 154–60, 165–74

STORE plans to use a selection of photos and aerial images relied upon and taken by its expert during an inspection of the Preston Highway Property.  These images will not only provide the jury with an understanding of the damage to the Preston Highway Property but will be used by STORE's expert to explain her opinion, while comparing the state of the property with how it existed prior to expiration of the Lease.

Defendants object on the grounds of foundation, reliability, hearsay, relevance, prejudice, and authenticity.  As an initial matter, an image is not hearsay. *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1109 (9th Cir. 2015) ("[A] photograph isn't hearsay because it makes no 'assertion.'").

Second, Defendants argue that aerial images cannot be authenticated by STORE's expert, (Doc. 103 at 23); yet, Defendants' own cited case (*Lizarraga-Tirado*) reflects such images can be authenticated where the expert testifies she "frequently works with and relies on the program." (Doc. 103 at 23).  That is precisely what STORE's expert is expected to testify to.

Third, Defendants' statement that STORE's expert did not take the photos (Doc. 103 at 24) is puzzling—that is not what STORE's expert will testify to.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Regardless, STORE's expert was present when photos were taken and may, thus, not only lay foundation but authenticate the photos. *See Lucero v. Stewart*, 892 F.2d 52, 55 (9th Cir. 1989) (holding that, to authenticate a photograph, the proponent must only identify the scene itself and its coordinates in time and place); *People of the Territory of Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985) ("Under the Federal Rules [of Evidence 901(b)], the witness identifying the item in a photograph need only establish that the photograph is an accurate portrayal of the item in question."). Indeed, Defendants' demand that STORE produce the individual who took each photo it intends to use (Doc. 103 at 22–23) is a plainly wrong interpretation of Fed. R. Evid. 901 (listing "examples only" of evidence satisfying the authentication inquiry, including "A comparison with an authenticated specimen by an expert witness or the trier of fact").

### F.     Expert Repair Calculations Are Admissible

Defendants' trial brief suggests that Exhibits 161, 164, 175–78 are inadmissible because they rely on photos that are purportedly inadmissible. (Doc. 103 at 25). This argument is truly baffling. STORE has two experts—Amanda Moore-Roberson and Joseph Williams. Ms. Moore-Roberson is an engineer who will testify that Fitness & Sports Clubs, LLC is responsible for damage to the roof, HVAC units, and sump pump based on deferred maintenance, faulty repairs during the term of the Lease, and the vandalism (as well as Defendants' inaction following the vandalism). Based on that testimony, Mr. Williams will testify as to the cost to restore the Preston Highway Property by virtue of a replacement roof, replacement HVAC units, and a replacement sump pump. Thus, Mr. Williams' calculations (which are clearly relevant and should be shown to the jury at the very least under Fed. R. Evid. 703) are not based on Defendants' unidentified "photographs."

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## IV.    Conclusion

For the foregoing reasons, the Court should reject Defendants' legally incorrect arguments regarding: (1) the Court's summary judgment order; (2) the appropriate measure of damages; and (3) the admissibility of various Exhibits.

DATED: November 24, 2021          BALLARD SPAHR LLP

By: /s/ *Mitchell L. Turbenson*

CRAIG S. GANZ
MITCHELL L. TURBENSON
Attorneys for Plaintiffs STORE SPE LA
FITNESS 2013-7, LLC and STORE
MASTER FUNDING V, LLC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# CERTIFICATE OF SERVICE

I certify that on this 24th day of November, 2021, I electronically filed PLAINTIFF STORE MASTER FUNDING V, LLC'S TRIAL BRIEF with the Clerk of the Court for the United States District Court, Central District of California, using the CM/ECF system and served a copy of the same upon all counsel of record via the Court's electronic filing system.

*/s/ Mitchell L. Turbenson*

Mitchell L. Turbenson

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400